## RIALTO MINING CO. et al. v. YOKUM et al.

No. 22727.  Opinion Filed Dec. 8, 1931.

J. Fred Swanson, Ray McNaughton, and Arthur G. Croninger for petitioners.

D. C. De Villiers, for respondents.

HEFNER, J. This is an original proceeding in this court by Rialto Mining Company and United States Fidelity & Guaranty Company to review an award of the Industrial Commission awarding compensation to Bill Yokum.

The record discloses that on the 16th day of November, 1927, claimant, while in the employ of the Rialto Mining Company, sustained an injury to his left eye, which resulted in a total loss of vision thereto. He was allowed a lump sum award therefor in the sum of $1,193.38, which amount has been fully paid by petitioners. Thereafter, claimant contracted epilepsy, and, on May 28, 1931, he filed a motion to reopen the case because of a change in condition and prayed that he be awarded additional compensation. The motion was granted by the Commission, and upon further hearing claimant was allowed additional compensation because of temporary total disability.

The award is challenged by petitioners on the ground that the evidence is insufficient to sustain it. The evidence is conclusive that since the former award claimant contracted the disease of epilepsy and that he has suffered disability by reason thereof. It is the contention of petitioners that the evidence is insufficient to sustain the finding of the Commission that this condition was caused by the original injury. The injury was caused by a boulder striking claimant in the eye while he was engaged in breaking rock. There is some evidence in the record tending to establish that his present condition is due to this injury. Three physicians testified in the case and, while they agree that the origin of epilepsy has not yet been definitely discovered by medical science, and that its origin is highly speculative, yet they agree that it frequently results from trauma. They also agree that there are several different types of this disease, among which is a type known as Jacksonian epilepsy, and that this type of disease is frequently caused by trauma. Dr. Boswell testified that in his opinion it was probably caused by the injury sustained to his eye. In this respect Dr. Boswell is corroborated by Dr. McCallum. Dr. DeArman was unable to trace the disease to the original injury. Petitioners contend that the award is based on mere conjecture and speculation. We do not agree with this contention. There is some evidence in the record from which the con-

clusion can be reached that claimant's present condition is in all probability due to the original injury. This is sufficient. Awards under circumstances similar to the case at bar were sustained in the following cases: Biasi v. Lehigh Coal & Navigation Co. (Pa.) 144 Atl. 821; Standard Oil Co. of Indiana v. Sullivan (Wyo.) 237 Pac. 253. In the latter case it is said:

"An award under the Workmen's Compensation Law cannot be said to be conjectural, or unsupported by evidence; merely because evidence on which based might have justified a different finding."

Under these authorities, the evidence is sufficient to sustain the award. Petition to vacate is denied.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.