SHERMAN MACHINE & IRON WORKS
et al. v. LENTZ et al.

No. 22838.   Opinion Filed Feb. 23, 1932.

Keaton, Wells, Johnston & Barnes and B. C. Davidson, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondent James B. Lentz.

CULLISON, J. This is an original proceeding in this court to review an order and award of the State Industrial Commission in favor of the claimant, James B. Lentz, made and entered on the 17th day of August, 1931.

The record in this case shows that, on

May 18, 1931, petitioners filed motion to suspend further payment of compensation to the claimant, which motion, in part, reads as follows:

"Comes now the respondent and insurance carrier and moves that compensation be suspended as of May 18, 1931.

"Respondent and insurance carrier have paid this claimant in the amount of $306.34 for the period of October 27, 1930, to May 18, 1931. Further, on the grounds that this respondent has tendered this claimant employment as of May 15, 1931. * * *

"Further that said employment is of the nature that the claimant can perform. Therefore, this respondent and insurance carrier moves the Commission to suspend payment of compensation as it had been shown by medical testimony at former hearing that this claimant is able to perform ordinary manual labor such as he was doing prior to the alleged injury."

Thereafter, on the 16th day of July, 1931, a hearing was had before Inspector Lon Morris, and on the 17th day of August, 1931, the State Industrial Commission, being regularly. in session, made the following order:

"Order.

"Now, on this 17th day of August, 1931, the State Industrial Commission being regularly in session, pursuant to a hearing had at Oklahoma City, Okla., on July 16, 1931, before Inspector Lon Morris, duly assigned by the Commission to conduct said hearing, on motion of the respondent and insurance carrier to discontinue compensation, as date of May 18, 1931, at which hearing, claimant appeared in person and by his attorney, M. J. Parmenter; respondent and insurance carrier being represented by their attorney, B. C. Davidson; and the Commission, having considered the testimony taken at said hearing, examined and considered all reports on file, and being otherwise well and sufficiently advised in the premises, finds the following facts:

"(1) That, on the 24th day of April, 1931, a hearing was held in the above-entitled and numbered cause to determine liability and the extent of disability; and that pursuant to said hearing and on the 25th day of April, 1931, an order was made awarding the claimant above named compensation at the rate of $10.77 per week from the 22nd day of October, 1930, to the date of hearing less the statutory five-day waiting period. and ordered the continuance of the payment of same not to exceed 300 weeks or until otherwise ordered by the Commission. That at said hearing the Commission determined that claimant was unable to perform ordinary manual labor with the exception of three days—during which period claimant attempted to work and earned $1 per day.

"(2) That as a result of the accidental personal injury sustained by this claimant, he has not performed any labor of a gainful nature since May 18, 1931, and that he has been totally disabled from the performance of ordinary manual labor since the date of said accident, and at the time of the hearing on respondent's and insurance carrier's motion to discontinue compensation, he was totally disabled.

"The Commission is of the opinion: Upon the consideration of the foregoing facts, that respondent's and its insurance carrier's motion to discontinue compensation shall be and the same is hereby overruled and that claimant is entitled to compensation from May 18, 1931, to date of hearing, the same being July 16, 1931, and in addition thereto compensation from the date of said hearing to the date of this order, in total sum of $139.91, which sum has now accrued and is due and owing; and to continue the payment of same not to exceed 300 weeks, from five days after the date of said accident, or until otherwise ordered by the Commission.

"It is further ordered: That within 15 days from this date, the respondent, Sherman Iron & Machine Works, or its insurance carrier, Travelers Insurance Company, pay to claimant herein the sum of $139.91, being compensation at the rate of $10.77 per week from the 18th day of May, 1931, to July 16, 1931, and in addition thereto compensation at the rate of $10.77 per week from July 16, 1931, to the date of this order, the same being August 17, 1931; and that they continue said payment thereafter at the rate of $10.77 per week not to exceed 300 weeks from the five-day waiting period, or until otherwise ordered by the Commission.

"It is further ordered: That within 30 days from this date, the respondent or its insurance carrier file with the Commission receipts or other proper reports evidencing their compliance with the terms of this order.

"Upon the adoption of the foregoing order the roll was called and the following voted aye: Thomas H. Doyle, Chairman, Mat McElroy, concurring, Fred H. Fannin, concurring."

Petitioners assign two errors:

First Proposition.

"That the said decision and order of the Industrial Commission is not sustained by the evidence, and is contrary to law."

Second Proposition.

"That the Commission failed to take into account the fact that the claimant was tendered re-employment at ordinary wages, and that the medical testimony, including the testimony of claimant's own physician, was to the effect that light employment would be beneficial, and was necessary and proper to stimulate the complete recovery of

claimant, and that the evidence shows that, notwithstanding such testimony and the tender of employment at light work, claimant refused to accept the same."

In order to determine the rights of litigants in the instant case, it is necessary to review the testimony of various witnesses:

Dr. C. C. Shaw, called as a witness, testified as follows:

"Q. Doctor, a man with that much disability, do you think he is able to go out and work with other men? A. No, sir, not with a 50 per cent. disability. Q. You don't think at this time that he is able to do manual labor? A. I do not. * * * Q. Do you think that this condition you find in him now is attributable to the injury he received? A. I think so—that is, except, of course, with the exception of the pyrrohea."

Upon cross-examination, Dr. Shaw testified as follows:

"Q. Doctor, if this man was tendered employment by his employer, work that he could do, wouldn't it be your recommendation that he accept it? A. Yes, sir, if he can do it, I'd say he should accept it. * * *"

Upon redirect examination, the witness testified as follows:

"Q. Doctor, a man might do certain things around his home to tell whether he could do manual labor? A. The man should know. Q. He is in a better position to tell whether he can work than any one else? A. I think he is."

Mr. James B. Lentz, claimant, testified as follows:

"Q. Did the Sherman Machine & Iron Works offer you employment? A. Well, I got a letter from one of the insurance men. He brought it down and gave it to me. Q. Why didn't you go and report to work? A. I didn't feel like working. Q. Have you felt like working since the day you were injured? A. No, sir. Q. Have you tried to do anything? A. Yes, sir. Q. What did you try to do? A. I tried to work on some automobiles, and I hurt so bad, I couldn't do it, and had to give the job up. Q. When was that? A. That was just before we had the hearing. Then I was just cleaning up the yard around the house there and got to where I couldn't hardly get up or down. Q. You have been taking treatments for your condition? A. Yes, sir. Q. Who has been giving you these treatments? A. Dr. Hall. Q. How long has he been treating you? A. I believe he started the 16th day of June. Q. Is he still treating you? A. Yes, sir."

Upon cross-examination, claimant stated as follows:

"Q. Dr. Von Wedel released you, didn't he, as able to go to work? A. No, sir, I wasn't able. Q. I say he released you? A. Yes, sir, he told me I was able. Q. Since that time, you have never reported to your employers that you were able to go to work? A. I wasn't able. Q. That your own opinion. A. I usually know how I feel. Q. Have you been advised not to go to work by anybody? A. No, sir. * * * Q. You would be willing to go out and try to work? A. If I was able to go, I'd be glad to. Q. But you never had gone out and actually tried to see whether you could make a go of it? A. Sir? Q. But you never had gone out and actually tried to see whether you could make a go of it? A. I would if I felt like it, but as far as my going out there and just suffering death, I just didn't feel like going. Q. You don't know whether you would have suffered very much or not if you haven't gone to work? A. It's funny a man doesn't know his own feelings."

Petitioners contend that the Commission failed to take into consideration the fact that the claimant was tendered re-employment at ordinary wages.

In the case of Hissom Drilling Co. v. Benson, 153 Okla. 157, 5 Pac. (2d) 393, this court said:

"The question of whether respondent was totally disabled from the performance of ordinary manual labor is a question of fact for the determination of the Commission, and, where there is any competent evidence reasonably supporting such finding, this court will not weigh the evidence upon which said finding of fact is based."

In the case of Smith & McDannald v. State Industrial Commission, 133 Okla. 77, 271 P. 142, on page 79, Okla. Report, this court said:

"The period of temporary total disability is that temporary period immediately after the accident during which the injured employee is totally incapacitated for work by reason of illness attended by the injury. It is during that period the law authorizes the award of compensation for temporary disability. If complete recovery attends the patient, compensation ceases. It may never continue longer than 300 weeks. If the disability proves not temporary, but permanent, it should be controlled by subdivision 1."

Petitioners also contend the award is contrary to law. The Commission found:

"(2) That as a result of the accidental personal injury sustained by this claimant, he has not performed any labor of a gainful nature since May 18, 1931, and that he has been totally disabled from the performance of ordinary manual labor since the date of said accident, and at the time of the hearing on respondent's and insurance carrier's motion to discontinue compensation, he was totally disabled."

In Bradbury's Workmen's Compensation Law (3rd Ed.) page 849, the author says:

"Temporary total disability, however, is usually understood to mean the period following an injury during which the employee is unable to do any work whatever, with the assumption that eventually he will be cured to such an extent that he either fully recovers from the result of the injury or he will remain partially disabled only and can do either lighter work or a portion of his former work. Thus temporary total disability and a condition of permanent partial disability may exist at the same time."

The evidence in the instant case is somewhat conflicting. In the case of Nash-Finch Co. v. Olen M. Harned, 141 Okla. 187, 284 Pac. 633, this court said:

"In an action to review an award and judgment of the State Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where the judgment and award of the Industrial Commission is supported by competent evidence, the same will not be disturbed by this court on review."

In the case at bar, it is urged by petitioners that the evidence fails to show that claimant is totally disabled as indicated by the terms of the award, and that claimant declines to accept the tendered light employment at ordinary wages and thus minimize the economic loss being suffered by petitioners. Claimant testified that he was unable to work. In this he is corroborated by expert medical testimony. Claimant should not be compelled to perform manual labor when attended with pain and suffering in order to minimize an economic loss.

The question of whether or not claimant was at the time of the last hearing totally disabled was a question of fact for the determination of the Commission.

There is evidence in the record reasonably tending to support this finding of fact by the Commission.

The award of the Industrial Commission is affirmed.

LESTER, C. J., and RILEY, HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and SWINDALL, J., absent.

Note.—See under (2) 28 R. C. L. 820, 821. (3) annotation in L. R. A. 1916A. 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation. § 116.