### TEXAS CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 28476.    Oct. 4, 1938.

462

S. S. Wachter and Ames, Cochran, Monnet, Hayes & Ames, for petitioners.

J. B. Harper, T. H. Dubois, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by the Texas Company and its insurance carrier, hereafter referred to as petitioners, to obtain a review of an award made by the State Industrial Commission on February 23, 1938, in favor of C. E. Standridge, hereafter referred to as respondent. The record in this case shows that the respondent sustained two accidents involving his left leg, one of which was compensable under the Workmen's Compensation Act and the other of which was not. The first accident happened on November 5, 1935, while the respondent was in the employ of the Texas Company and engaged in an occupation defined as hazardous by the Workmen's Compensation Act. As a result of this accident the respondent sustained certain injuries consisting of contusions and abrasions of his left knee and a fracture of the external condyle of the left tibia with a displacement of the fragment. The petitioners furnished necessary hospital, medical, and surgical attention, and respondent was discharged as healed on March 19, 1936, and on the following day returned to his employment. Payment of compensation in the sum of $310.80 for the period of temporary total disability following the accident was made to the respondent under a Form 7 agreement, which was approved by the State Industrial Commission on April 22, 1936. The respondent thereafter continued to perform the duties of his employment until the night of September 19, 1936, at which time, while crossing a street in the city of Tulsa at about the hour of 11 o'clock of said night, and at a time while not engaged in any business of his employment, the respondent was struck by an automobile, and as a result sustained a number of injuries which included a fracture of the tibia and fibula of his left leg and the rupture of ligaments of the knee joint. As the result of the automobile accident the respondent was confined to a hospital and under medical and surgical treatment until about the 1st of January, 1937, at which time he was released as able to do manual labor. The respondent, on or about the middle of January, 1937, returned to his employment with the Texas Company and continued to work for said company until about the 1st of May of said year, at which time he voluntarily left its employ. Subsequently, and on October 8, 1937, the respondent applied to the State Industrial Commission for a determination of the extent of permanent disability which he had sustained as a result of his accidental injury of November 5, 1935. The commission, after hearing the evidence offered in connection with said application, found that respondent had a 35 per cent. permanent partial disability to his left leg as a result of the injury which he had sustained on November 5, 1935, and awarded compensation in accordance with said finding. The sole question presented here for determination is whether there is any competent evidence to support the finding so made and the award based thereon. It is the contention of the petitioners that, since the evidence of the respondent was incompetent and the testimony of his only competent witness did not attribute his disability to the injury of November 5, 1935, the award cannot be sustained. In this connection the petitioners urge that it was incumbent upon the respondent to establish either that the disability was due to the original injury or to a recurrence thereof, or if due in part to the original injury and to the subsequent injury, then to establish the degree or portion attributable to each injury. The respondent relies largely upon his own testimony and that of the doctors who appeared for the petitioners to support his claim that there was some competent evidence before the commission sufficient to sustain its award.

In the case of Tippett & Bond v. Moore, 167 Okla. 636, 31 P.2d 583, this court, in discussing a case involving successive injuries, said:

"Where a claimant is asserted to have suffered two different accidental personal injuries while working for different employers, the question of whether either one or both of such injuries is responsible for the resulting disability is one of fact to be determined by the State Industrial Commission. The finding of that body on such a

question will not be disturbed in this court if supported by any competent evidence."

For a discussion of the rule relative to liability where there is a recurrence of the original injury, see New York Indemnity Co. v. Miller, 163 Okla. 283, 22 P.2d 107; Deep Rock Oil Corp. v. Betchan, 169 Okla. 42, 35 P.2d 905, 102 A. L. R. 786, and the notes under the A. L. R. citation. Since it is here admitted, however, that the injuries sustained by the respondent as the result of his second accident were not compensable, since they were the result of an independent and nonintervening cause, it is not necessary to enter into any extensive discussion of the rule which would otherwise apply, but to consider only whether the disability found by the commission to exist has the support of any competent evidence which would properly attribute such disability to the respondent's original injury of November 5, 1935. The testimony of the respondent in this respect was incompetent. Williams Bros. v. State Industrial Commission, 158 Okla. 171, 12 P.2d 896. The injury was of such character as to require the testimony of skilled and professional persons to determine its cause and origin as well as its nature and extent, and under such circumstances the only competent evidence would be that of skilled and professional persons. St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170; Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Magnolia Pet. Co. v. Clow, 163 Okla. 302, 22 P.2d 378. The only competent witness produced by the respondent was Dr. D. M. Woodson, who testified in substance that he had first examined respondent December 24, 1937, and again on December 30, 1937, and that as a result of his examinations he was of the opinion that the respondent had from 60 to 75 per cent. permanent disability due to the injury to his left leg. But this witness stated that he could not say whether such disability was to be attributed to the injury which the respondent had sustained on November 5, 1935, or that which he had sustained on September 19, 1936. This amounted to a statement by the witness that he did not know which injury had caused the respondent's disability. The medical evidence introduced by the petitioners was likewise uncertain and indefinite in that the doctors were unable to state whether the disability which they found could be attributed to the first or second injury sustained by the respondent, or whether it was due partly to both. Their testimony regarding the degree of disability also differed from that of the respondent's medical witness, therefore, considering all of the medical testimony, we find that there was no competent evidence which would establish the proximate cause of respondent's disability, and particularly none which would fix it as being due to his injury of November 5, 1935. The finding of the commission that respondent had a 35 per cent. disability and that it was attributable to his injury of November 5, 1935, appears to have been based upon nothing more substantial than speculation, surmise, or conjecture, and an attempt to strike an average as to the per cent. of disability and attribute it all to the compensable injury. An award based on speculation, surmise, and conjecture is not permissible. National Biscuit Co. v. Lout, 179 Okla. 259, 65 P.2d 497. The rule is so well established as to need no citation of authorities that where an award is based upon a finding which is unsupported by any competent evidence, on review in this court such award will be vacated as a matter of law.

Award vacated.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.