STANSELL et al. v. TUCKER et al.

No. 30878.   Oct. 27, 1942.

*130 P. 2d 294.*

Butler & Rinehart, of Oklahoma City, for petitioners.

Clyde Morsey, of Miami, and Mac Q. Williamson, Atty Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the petitioners, W. Brown Stansell and the Commercial Standard Insurance Company, his insurance carrier, to review an award made to respondent D. J. Tucker under date of January 28, 1942.

The State Industrial Commission found that on August 8, 1941, respondent sustained an accidental injury by reason of which he became temporarily totally disabled. The evidence discloses that respondent was stacking beer at the time of the accidental injury and strained his arm, leading to the disability claimed. The sole issue presented is that there is no competent evidence to sustain the finding of the State Industrial Commission that on August 8, 1941, the respondent suffered an accidental injury which resulted in disability. Dr. Heatherington testified that in his opinion the disability is a result of the strain at the site of a scar of an old injury; that in his opinion by

reason thereof the respondent is totally disabled. In Hissom Drilling Co. v. Benson, 153 Okla. 157, 5 P. 2d 393, we said the question of whether respondent was totally disabled from the performance of ordinary manual labor is a question of fact for the determination of the commission, and where there is any competent evidence reasonably supporting such finding the court will not weigh conflicting evidence upon which said finding is based. To the same effect see Magnolia Petroleum Co. v. Watkins, 177 Okla. 30, 57 P. 2d 622; Sherman Machine & Iron Works v. Lentz, 155 Okla. 180, 8 P. 2d 713; Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P. 2d 1212; Davon Oil Co. v. State Industrial Commission, 177 Okla. 612, 61 P. 2d 579; City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

Petitioners argue, in effect, that according to the medical testimony of their witnesses there could not have been an accidental injury within the meaning of the Workmen's Compensation Law from a strain in stacking the beer; that it could not have set up osteomyelitis. The State Industrial Commission did not find that the strain set up esteomyelitis, although there is testimony in the record to this effect. The finding of the State Industrial Commission was that there had been an accidental injury and that as a result of the accidental injury respondent is now temporarily totally disabled. The commission has the power to weigh the evidence and draw its own conclusions, and such commission, like a court or jury, may draw reasonable inferences from the facts and circumstances in evidence, and when it draws such inferences from facts and circumstances which in their nature are such that reasonable men may differ thereon, this court will not say that the finding of the State Industrial Commission is not sustained by sufficient evidence. Burch v. Slick, 167 Okla. 639, 31 P. 2d 110.

It is urged that the award is purely conjectural and unsupported by any

378

evidence. In Rialto Mining Co. v. Yokum, 153 Okla. 297, 5 P. 2d 1065, we said that an award under the Workmen's Compensation Law cannot be said to be conjectural or unsupported by evidence merely because evidence upon which it is based might have justified a different finding. In Standard Roofing & Material Co. v. Mosley, supra, we held it was not incumbent upon the State Industrial Commission to accept as true the testimony of medical expert witnesses merely because there were more medical expert witnesses testifying for one of the parties than testified for the other.

After reviewing the entire record we are of the opinion that there is sufficient evidence in the record to sustain the finding and award of the State Industrial Commission.

Award sustained.

WELCH, C. J., and OSBORN, GIBSON, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, BAYLESS, and HURST, JJ., absent.