MANHATTAN CONST. CO. et al.
v. BEASLEY et al.

No. 33206.   Oct. 19, 1948.

Rehearing Denied March 8, 1949.

*203 P. 2d 435.*

D. F. Rainey and John Barksdale, both of Okmulgee, for petitioners.

Howard C. Triggs and Little & Hoyt, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

LUTTRELL, J. This original proceeding is brought by petitioners, Manhattan Construction Company and Hartford Accident & Indemnity Company, to review an award for temporary total disability made by the State Industrial Commission to claimant, Ed Beasley.

Petitioners contend that the evidence is not sufficient to support the finding of the commission that claimant suffered an accidental injury resulting in disability, citing National Biscuit Company v. Lout, 179 Okla. 259, 65 P. 2d 497 Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751, and other similar cases. We are unable to agree with this contention. Claimant testified that on February 19, 1947, while employed as a carpenter by the Construction Company, he stooped down and picked up a saw; that as he stepped back he stepped on a rolling stick or board and fell into a hole between eight and ten inches deep; that he fell over on the saw bench and pulled himself up, and immediately felt pain in his back; that he advised his fellow workers that he had hurt his back, and also advised his foreman; that an ambulance was called which took him to the hospital at Henryetta, where he remained for nine days, and that he was thereafter treated by physicians employed by petitioners until March 24th, when he was released for work; that he was then unable to work and was sent to Okmulgee for further treatment. This testimony is undisputed, and we think amply sufficient to establish that plaintiff received an accidental injury, resulting in disability, on the date above specified.

The principal contention made by petitioners is that the evidence before the commission is not sufficient to support its finding that claimant's total temporary disability, as found by it, was the result of the accidental injury. In this connection three physicians testified for petitioners, stating that in their opinion claimant's disability was not due to the specified injury, but was due to other causes. The award made by the commission, if sustained, rests solely upon the testimony of Dr. Shorbe of McBride Bone and Joint Hospital. Dr. Shorbe testified that his examination of the claimant disclosed marked findings of low back disability; that he had a narrow fifth lumbar interspace which was indicative of a weak spine, and that he was not able to return to work. While he testified to other weaknesses, such as calcification of the aortic arch and some spinal calcification, and some atrophy of the sacrum and iliac wings which did not indicate traumatic injury, he testified that the narrowing of the fifth lumbar interspace rendered traumatic injury more possible, and that in his opinion such narrowing was due to traumatic injury. He testified that there were a lot of things in claimant's condition that, were not due to traumatic injury, and a lot of things that suggested trauma, and that he believed claimant's backache was largely traumatic, although he was not certain whether it had aggravated something else or not. The testimony of the doctors produced by petitioners negatived traumatic injury. They attributed his disability to long standing syphilis and osteo-arthritis.

Careful study of the testimony given by Dr. Shorbe convinces us that, when considered with the history of the in-

jury suffered by claimant, it is sufficient to support the finding of the commission that claimant's condition was due to the accident sustained by him. From his testimony he had been steadily employed by the Construction Company as a carpenter from the day after Thanksgiving in 1946 to the date of his injury in 1947, and after receiving the injury he was unable to work. The testimony of Dr. Shorbe, when considered as a whole, sufficiently indicates that in his opinion the condition of claimant's back was due to traumatic injury, and the only traumatic injury suffered by claimant appears to have been that testified by him.

We think the testimony as above set out presents factual conditions so dissimilar to those involved in Texas Co. v. Fox, 179 Okla. 528, 66 P. 2d 908; Armour & Co. v. Worden, 189 Okla. 106, 114 P. 2d 173; Barnsdall Oil Co. v. State Industrial Comm., 178 Okla. 289, 62 P. 2d 1031, and other similar cases relied upon by petitioners, as to render the decisions in those cases inapplicable to the instant case.

In City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094, we said:

"We have said in Magnolia Petroleum Co. v. Clow, 63 Okla. 302, 22 P. 2d 378:

" 'Where in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be proved by the testimony of skilled professional persons.'

"And to the same effect in Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P. 2d 907. This does not mean that the testimony of such skilled and professional persons has to be given categorically, but when their testimony is sufficiently plain and explicit as to justify the meaning assigned it by the commission and the finding is based thereon, this court will not disturb such finding, and in that event the finding will

be considered as any other question of fact and given weight accordingly. See Amerada Pet. Corp. v. Cook, 152 Okla. 98, 3 P. 2d 667."

In Burch v. Slick, 167 Okla. 639, 31 P. 2d 110, we said:

"The commission has the power to weigh the evidence, and draw its own conclusions, and such commission like a court or jury may draw reasonable inferences from the facts and circumstances in evidence, and where it draws such inference from facts and circumstances which in their nature are such that reasonable men might draw either the same or opposite inferences, this court will not say that the facts found as a result of such inferences are not sustained by sufficient evidence."

Petitioners also cite Magnolia Pet. Co. v. Clow, 163 Okla. 302, 22 P. 2d 378, Barnsdall Oil Co. v. State Industrial Comm., 178 Okla. 289, 62 P. 2d 1031, and other cases in which it is held that if there is no competent evidence of a medical expert witness establishing that the disability is the result of an accidental injury, an award cannot be sustained. These are cases in which either no medical evidence was offered at all, or the medical evidence failed to support the finding as to the disability.

Petitioners insist that the award of the commission is based on speculation and conjecture. But in Rialto Mining Co. v. Yokum, 153 Okla. 297, 5 P. 2d 1065, we said:

"An award under the Workmen's Compensation Law cannot be said to be conjectural, or unsupported by evidence, merely because evidence on which based might have justified a different finding."

Petitioners further assert that the testimony of Dr. Shorbe was based on history admittedly incompetent and inaccurate, and therefore has no probative value, citing Acme Flour Mills v. Bray, 185 Okla. 516, 94 P. 2d 828. This assertion is based upon the fact that claimant did not reveal to Dr. Shorbe that previous tests of his blood in-

dicated a syphilitic condition, and that he did not tell Dr. Shorbe that he had theretofore made several trips to the Veterans Hospital. A test for syphilis taken by Dr. Shorbe showed negative, and it is asserted that had he been apprised of the previous tests he would have reached a different conclusion as to claimant's injury. He was questioned about this on cross-examination, but his testimony indicates that he did not consider claimant's condition due to syphilis. As to the trips to the Veterans Hospital, the record shows that they were made several years prior to claimant's injury, and there is no evidence that any of them had any relation to a condition which might have affected claimant's back. The fact that claimant worked for the Construction Company for the length of time above pointed out, and had previously worked in other places, as testified by him, without being troubled by his back, rendered his failure to disclose the matters above referred to to Dr. Shorbe of little importance.

While from the evidence it appears that whether the disability was the result of disease or an accidental injury was disputed, this was a question of fact to be determined by the commission. Gillie Coal Co. v. Lambert, 194 Okla. 283, 150 P. 2d 79. We think the testimony set out above, which apparently was believed by the commission, was sufficient to sustain its finding that claimant's condition was due to accidental injury.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur. GIBSON, J., dissents.

Rehearing Denied March 15, 1949.