SPECIAL INDEMNITY FUND
v. HORNE et al.

No. 34204.     March 17, 1953.

*254 P. 2d 988.*

Mont R. Powell and Anthony R. Kane, Oklahoma City, for petitioner.

Paul Pugh, Owen Townsend, and Claud Briggs, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, V.C.J. This is an original proceeding in this court by Special Indemnity Fund to review an award of the State Industrial Commission awarding compensation to William Floyd Horne.

Hereinafter, the respondent Horne will be referred to as claimant and the petitioner, Special Indemnity Fund, as the Fund.

The record discloses that claimant, while working for the Sapulpa Tank Company on September 16, 1947, sustained serious permanent injuries to his feet; that he had previously sustained a prior injury resulting in the pre-existing total loss of his right eye.

Joint petition settlement with the Tank Company was duly consummated with all rights reserved as to the action against the Fund, from which no appeal was taken, and the Tank Company is, therefore, not concerned in the present proceeding.

The trial commissioner upon hearing made findings of fact, and an order in accordance therewith. The pertinent part thereof, paragraphs 3 and 4, reads as follows:

"That as a further result of said injury, claimant has sustained a 50% permanent partial disability to the body as a whole, for which disability he is entitled to 250 weeks at $21.00 per week, or a total sum of $5250.00; that there is now due claimant the sum of $168.00, same being accrued compensation for 8 weeks at $21.00 per week, computed from June 3, 1948 to and including July 29, 1948.

"That the weight of the evidence does not prove additional disability to do manual labor by reason of the combination of injuries and the award as to the Special Indemnity be and the same is hereby denied."

Upon appeal to the commission en banc the trial commissioner's findings and order was affirmed except as to paragraph 4, which was vacated and in lieu thereof the following paragraph was substituted and reads:

"That prior to claimant's injury to his feet, claimant had sustained an accidental personal injury to his right eye, and at the time of said injury of Sept. 16th, 1947, claimant was a Physically Impaired person, within the meaning of Sec. 173, Title 85 O.S. and the Commission further finds from the evidence in this cause that by reason of the combination of claimant's injuries, when he was 17 years of age and on September 16th, 1947, claimant's permanent disability to the body as a whole has been materially increased in the amount of 90 per cent permanent partial disability to and loss of use of his body as a whole, less the deductions as provided for by the Workmen's Compensation Law, to-wit: 50% to the body as a whole by reason of the injury to the right and left foot, and less 20% by reason of the pre-existing loss

of the right eye, for which claimant is entitled to 100 weeks at $21.00 per week or the total sum of $2100.00".

It is from this order that the Fund appeals. The Fund contends that the award of the commission against it is contrary to the law and evidence and based upon speculation and conjecture.

We have held that a foot injury could be combined with a previous injury causing total blindness of an eye in making an award against the Special Indemnity Fund. Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475. But it is argued herein that there was no competent evidence reasonably tending to support the finding of the State Industrial Commission that by reason of a combination of the loss of an eye (by previous accident) and the disability to the feet, claimant has a disability materially greater in degree then caused by the latter injury (to the feet) alone; and this argument poses the material question for our determination as all jurisdictional matters are unquestioned.

A combination of a prior injury causing total loss of claimant's right eye, and the subsequent injury to claimant's feet is permissible, if by such combination claimant has a disability materially greater in degree than caused by the injury to his feet alone, and recovery may be had under Title 85 O.S. 1951, §171 et seq. McMillin case, supra, and cases cited therein.

The Fund having questioned the competency and sufficiency of the evidence to sustain the commission's finding that claimant's combined injuries resulted in a disability materially greater in degree than that caused by claimant's last injury alone, it therefore becomes necessary for us to ascertain whether the evidence was competent and sufficient to sustain the award. We are cognizant of the rule that the commission was at liberty to give credence to so much and such part of the evidence as it deemed proper and to make such award as might be justified under the evidence. See Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094, and other cases of similar import. Also, that the commission has the power to weigh the evidence and draw its own conclusions, and such commission like a court or jury may draw reasonable inferences from the facts and circumstances in evidence, and where it draws such inferences from facts and circumstances which in their nature are such that reasonable men might draw either the same or opposite inferences, this court will not say that the facts found as a result of such inferences are not sustained by sufficient evidence. Burch v. Slick, 167 Okla. 639, 31 P. 2d 110.

The claimant first filed a Form 3, Notice of Injury and Claim for Compensation, on September 22, 1947, alleging that he was injured when he fell from a scaffold, and asserted the nature and extent of his injuries as fractured bones in both feet and one ankle. The attending physician's report Form 4 states the nature and extent of his injuries as "contusion posterior left chest. Fractured left foot (calcaneus). Fracture of right foot (talus) with perhaps fragment displaced laterally". Employee's Form 2, Notice of injury, states "Ankles broken".

Thereafter, on December 23, 1947, an amended Form 3 was filed wherein claimant alleged injuries to both feet, back and chest.

Claimant was paid temporary total compensation by his employer, Sapulpa Tank Company, from September 16, 1947, to and including June 3, 1948.

Upon trial of the cause it was admitted that claimant had in a previous accident lost the sight of his right eye, and by reason thereof was a previously impaired person.

As suggested by the Fund, the commission's findings are not conclusive unless sustained by competent evidence. McKeever Drilling Co. v. Egbert, 167 Okla. 149, 28 P. 2d 579, and where disability requires medical experts to de-

termine the cause and extent thereof, such question must be proved by such experts. Texas Co. v. State Industrial Commission, 183 Okla. 461, 83 P. 2d 369, and if an award is not so sustained it will be vacated. Id., and conversely an award will be sustained.

The record discloses that two admittedly qualified physician's testified for claimant, Drs. Lloyd Boatright and Phil White.

The Fund complains only about the medical testimony concerning the possibility of a combination of the injuries. It is argued that since these doctors testified that in their opinions the last injury, standing alone, constituted the claimant a permanently and totally disabled person, such evidence would not support an award against the Fund.

An examination of the medical testimony shows that Dr. White testified as to the history, nature and extent of claimant's injuries and his findings concerning the combination of claimant's previously injured eye with his subsequent injuries to his feet, which constituted the combinable injuries sustained by claimant. The pertinent part thereof reads:

"Q. Doctor, what do you say to the respective disabilities to his right and left foot? A. In my opinion, I think he has, I would say, Fifty percent to the right foot and Forty percent to the left.

"Q. Now, if you were considering his disability to his feet in connection with the loss of the eye, what would be your opinion as to the body disability, that is, independent of his back? A. Independent of his back as a combination of the injuries to both feet and pre-existing disability or loss of vision of the right eye, it would be my opinion he would be practically totally and permanently disabled for the purpose of ordinary manual labor as a result of the condition of the injuries to his feet and pre-existing disability to his right eye."

Dr. White also testified that a combination of claimant's injured feet with his back constituted him a totally and permanently disabled person. However, in this connection, Dr. C. R. Rountree, who treated claimant for the respondent, and filed a report, which was admitted in evidence and in which he disclosed his findings and opinion relative to claimant's injuries, and the degree of the permanent disability sustained by claimant by reason of his last injuries, said that, in his opinion, claimant sustained little, if any, permanent injury to his back; that in his judgment claimant would have a permanent partial disability of 30% to the body as a whole as a result of the last injuries to his feet. He was of the opinion that no increased disability resulted from the combination of the injuries to claimant's feet with the old eye injury.

This constitutes the medical testimony before the commission on the issue of whether or not there was an increased disability resulting from the combination of claimant's old and new injuries, and was the basis of its finding and judgment heretofore quoted.

The Fund points to the fact that Dr. White, in testifying for claimant, combined the disability to claimant's feet with the pre-existing eye disability, and was of the opinion the combination would constitute a permanent and total disability; that in arriving at this estimate he disregarded the disability resulting from injury to the back which, standing alone, Dr. White estimated had resulted in 50% permanent partial disability to the body. It is argued that the commission was not justified in disregarding Dr. White's findings as to the back injury and adopting his finding and opinion of total disability to the body by a combination of claimant's old eye injury with the new injuries to his feet. And, but for Dr. Rountree's opinion that there was "little, if any, permanent injury to claimant's back," we would be inclined to agree. We will not, however, under the appellate rules governing us in reviewing evidence adduced before the commission,

differentiate or separate the believable evidence from the unbelievable; we are only concerned with the competency and sufficiency of same. The function of the commission is to consider and give credence to so much and such part of the evidence as it deemed proper and to make such award as the evidence, in its judgment, justified. Kingfisher v. Jenkins, supra. Evidently, the commission disregarded Dr. White's testimony as to claimant's back injury but gave credence to and considered his statement that increased disability resulted from the combination of the new injury to the feet and the old eye injury which caused the claimant to sustain total and permanent disability. It is also evident that the commission considered Dr. Rountree's statement that there was no permanent injury to claimant's back, but disregarded his evidence in other matters, all of which was proper for it to do. Burch v. Slick, supra.

From all the facts and circumstances in the instant case, including the fact that the commission approved a joint petition foreclosing all claims arising out of the new injuries, we hold that the commission necessarily found that claimant sustained no injury to his back.

From a careful examination of the entire record we find that the award of the commission is not based upon speculation and conjecture, even though evidence on which based might have justified a different finding, Rialto Mining Co. v. Yokum, 153 Okla. 297, 5 P. 2d 1065; and there being competent expert medical opinion testimony to the effect that the combination of new injuries to claimant's feet with an old injury to his right eye resulting in total loss of vision, materially increased the injured claimant's disability, the award against the Fund is sustained.

The Fund's further contention that the $200 bonus paid by employer's insurance carrier on joint petition settlement should be deducted from the award against the Fund is without merit. The commission's finding and order that by reason of claimant's last, or new injury, he had sustained a 50 per cent permanent partial disability to the body as a whole, for which disability he was entitled to 250 weeks at $21 per week, or a total of $5,250, had become final, and the subsequent joint settlement for a $200 bonus over the disability fixed by the commission is not deductible from the award against the Fund. See Title 85 O.S. 1951 §172. In this connection the Fund cites and relies upon Special Indemnity Fund v. Dimpel, 201 Okla. 556, 207 P. 2d 776, as authority to sustain its contention. The Dimpel case is readily distinguishable from the instant case. There we held that where a physically impaired person filed claim for additional injury, amount of money which he had received from joint settlement of claim for injury that made him a physically impaired person was deductible from award made for the combined disability.

The commission, in the Dimpel case, made no finding as to the claimant's permanent partial disability before the joint settlement agreement, but found that the temporary total disability had ceased, and that the matter of his permanent partial disability was still to be determined, so that the joint settlement was necessarily made with a view of adjusting claimant's claim for permanent disability, and we there held that such order of the commission made on such joint settlement would be considered as a final award.

WELCH, DAVISON, ARNOLD, O'-NEAL, and BLACKBIRD, JJ., concur. HALLEY, C.J., and CORN and WILLIAMS, JJ., dissent.