649 P.2d 538 (1982)
In the Matter of the DEATH OF Jack David SADE.
Dollie (Sade) THORNTON, Administratrix, Petitioner,
v.
Walter A. & Don A. TROUBLEFIELD, Respondent,
U.S.F. & G. Company, Insurance Carrier.
No. 56093.
Supreme Court of Oklahoma.
July 27, 1982.
John S. Oldfield, Jr., Oklahoma City, for petitioner.
Carl E. Moslander, Oklahoma City, for respondent.
*539 HARGRAVE, Justice.
On April 8, 1977, Jack Sade hoisted two bundles of twelve railroad ties on a forklift while in the employ of Walter and Don Troublefield. While transferring these bundles, the forklift hit a bump and the top bundle was dislodged from the forklift and struck Sade's arms. After transport to a medical facility, examination disclosed that Mr. Sade's right elbow and left wrist had been broken to the point of being described as crushed. There began a course of extensive medical treatment on both arms which was not completed at the time of Mr. Sade's death. This treatment included full arm casts which rendered decedent virtually helpless. The medical treatment included six arm casts and had resulted in a right below that was almost inflexible. Prior to *540 his demise, Sade had indicated his willingness to have an artificial joint placed in the elbow.
The injury was incurred on April 8, 1977, and treatment continued through the day of Sade's death on October 23, 1977. During this long period of treatment the company physician, Dr. C., an orthopedic surgeon, prescribed various pain killing drugs and tranquilizers. The decedent's pain was described by the physician as real, but probably not as severe as portrayed to the physician. Decedent requested stronger medication which request was denied by the physician inasmuch as he was fearful of a developing drug dependency. On October 21, the physician wrote a prescription for fifteen Darvon 65 tablets to be taken every four hours as needed for pain.
In the early hours of Sunday morning, decedent and his girl friend returned to Sade's house from a drinking establishment run by his companion. According to her, decedent had consumed one fifth to a quart of bourbon whiskey in ten to twelve hours. Quoting from the companion's deposition, we note the following:
"... But I had kept his pills for him and he had put them in my glove compartment. So he asked me if he could have his pills and I wouldn't give them to him, you know, because I don't know, he said something about taking all these pills and I wouldn't let him have them. So then he came over to me and he said his arm was hurting real bad and he asked me if I would please give them to him because the pain was so bad. And I said well I guess I can't keep them from him. So I gave him the pills. And I guess I just kind of laid down on these at because I heard him say something ... and he hollered at me and he told me, he said `I have taken all the pills'"
The Court of Appeals stated this cause turned upon a question of causation and disapproved of the trial court's use of the phrase direct and natural consequence of the accidental injury, and cited Ada Iron & Metal Co. v. Tarpley, 420 P.2d 886 (Okl. 1966), stating that the employer was responsible for all legitimate, reasonable consequences that may ultimately result from the original harm. The Court of Appeals states that in applying the latter principle "one has to conclude that Sade's death was the ultimate consequence of his smashed arms."
It appears to be necessary to inquire here into the proper scope of appellate review in a workers' compensation action. The appellate tribunal is not empowered to review the decision of the Worker's Compensation Court as a trier of fact. The question of disability due to compensable injury or not is a question of fact to be determined by the Worker's Compensation Court. Such a determination of fact is to be reviewed only to determine whether there is any competent evidence reasonably tending to support the finding of fact brought into question. The appellate court does not sit to review where the preponderance of the evidence lies. Western States Const. Co. v. Stailey, 461 P.2d 940 (Okl. 1960); Howey v. Babcock & Wilcox Co., 516 P.2d 821 (Okl. 1973); Sooner Const. Co. v. Brown, 544 P.2d 500 (Okl. 1975). Evidence appearing in the record from which the finder of fact could have come to a contrary conclusion is immaterial under the law applicable to a review of Industrial Court findings. Riley v. Cimarron-Empire Construction Co., 420 P.2d 550 (Okl. 1966).
Given the existence of the quoted testimony, it is determined the Court of Appeals erred in determining the death for which benefits are here claimed is a legitimate consequence flowing from a compensable injury. Ada Iron & Metal Co. v. Tarpley, supra; Barnsdall Refining Co. v. Ramsdall, 149 Okl. 99, 299 P. 499 (1931). The record, as above quoted, reveals the deceased expressed a desire to "take all the pills", and as a consequence, his companion removed the medication from his control, Later, after the two of them were inebriated according to her own admission she gave him his medication and decedent "hollered at me, and he told me, he said, `I have taken all the pills.'" The prescription specified one tablet four times a day. Decedent disregarded *541 the medical directions accompanying that medication, and apparently did so intentionally (although while in a state of inebriation). He had previously expressed the same desire.
Given this state of the record it is clear the trial court had sufficient competent evidence and could, therefrom, draw the reasonable inference that the cause of death was not a legitimate consequence flowing from a compensable injury, but was in fact a consequence of a separate and distinct volitional act of decedent. When such inferences are drawn and are of the nature that reasonable men could differ upon them, the Supreme Court will not disturb those findings. Stansell v. Tucker, 191 Okl. 377, 130 P.2d 294 (1942). The Court of Appeals was not authorized to draw its own conclusions from the facts.
OPINION OF THE COURT OF APPEALS VACATED. DECISION OF WORKERS' COMPENSATION COURT AFFIRMED.
All Justices concur.