Before State Industrial Board, Respondent.

Edward Szmuda, Respondent, *v.* Percy Kent Bag Company and Another, Appellants.

Third Department, November 12, 1925.

Workmen's compensation — claimant, presstender, eighteen years old, suffered loss of third and fourth fingers of left hand — wages at time of accident were eighteen dollars and seventy cents per week — average weekly wage fixed at twenty-five dollars per week under Workmen's Compensation Law, § 14, subd. 5 — question whether wages of minor would be expected to increase is for State Industrial Board — expectation of receiving higher wages not limited to time covered by appropriate schedule award — award affirmed.

The question whether or not a minor may, under normal conditions, expect increase in wages, was for the determination of the State Industrial Board, and its determination in this case that the claimant, who suffered the loss of the third and fourth fingers of the left hand, and who, at the time of the accident, was eighteen years of age and was receiving a weekly wage of eighteen dollars and seventy cents per week, might expect an increase in wages up to twenty-five dollars per week, was properly made under subdivision 5 of section 14 of the Workmen's Compensation Law, and will not be disturbed on appeal.

An expectation of receiving higher wages should not be limited to the period covered by the appropriate schedule award for permanent partial disability.

APPEAL by Percy Kent Bag Company and another from an award of the State Industrial Board, made on the 3d day of November, 1924.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Albert Ottinger,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

VAN KIRK, J.:

The claimant was a presstender. While engaged in his regular work on February 28, 1924, his left hand was caught in the gears of the press and his third and fourth fingers were lost. He has received a schedule award for the loss of use of twenty per cent of the left hand. He was eighteen years of age and received eighteen dollars and seventy cents per week. There is a finding that " under normal conditions his [claimant's] wages would be expected to increase. The average weekly wage of Edward Szmuda at the time of the injury, taking into consideration the fact that under normal conditions his wages would be expected to increase, is determined at $25." The appeal is for a review of this finding. The appellant's proposition is that neither the evidence nor the findings justified an award based on higher wages than the claimant was actually earning.

The question whether or not, under section 14, subdivision 5, of the Workmen's Compensation Law it is established that under normal conditions the wages of an injured minor, who has suffered a permanent partial disability, would be expected to increase, is one for the Industrial Board to determine under all the circumstances disclosed in the evidence. Its determination is not controlled by the minor's expressed intent to continue or not to continue indefinitely in the employment in which he was injured. The minor in this case was eighteen years of age when injured. Intentions entertained at that early age are liable to frequent change. Unless it appears that the minor is in some way disqualified, or incapacitated, for a better paid position in the same employment in which he was working when injured, it is a fair inference that he is a normal boy of his age and would be expected to have some higher paid position in the employment, if such there be, which the average man at least could fill, and the Industrial Board, if so convinced, may so find. Nor do we think his expectation of receiving higher wages should be limited to the period covered by the appropriate schedule award for his permanent partial disability. His injury is permanent; it will be his ever-present companion for life. He must during his manhood work and live under this handicap. The statute (§ 15, subd. 3) arbitrarily

fixes the number of weeks' payment which will compensate him for his loss due to his disability. It did not mean to limit the measure of this loss to his wages during the few remaining years of his minority; his loss of earning ability will continue during manhood. *Distifano* v. *Ribis Brothers* (209 App. Div. 840) is not in conflict; that was a case of temporary disability. The employer here was engaged in a continuous business. It employed a watchman at twenty-five dollars per week. This sum is the average weekly wage the Board has found this claimant would be expected to attain.

The award should be affirmed, with costs to the State Industrial Board.

Award unanimously affirmed, with costs to the State Industrial Board.