### INDUSTRIAL COM. v. JASIONOWSKI
Ohio Appeals, 6th Dist., Lucas Co.

No. 1764. Decided Nov. 22, 1926

465. ERROR—Where there is a statute pertaining to evidence and a decision thereon, as to competency in a former trial of the same case, it is error for trial court to exclude such evidence in a second trial.

225. CHARGE TO JURY—1. Where trial court charges that the jury is not bound by common law rules of evidence, under statute that provides Industrial Commission may procure evidence without regard to such rules, is erroneous and is ground for reversal.

2. Where trial court charges that jury should decide on weight of testimony, it is error, for the jury must decide case on the weight of the evidence.

#### First Publication of this Opinion

RICHARDS, J.

Lizzie Jasioniwski appealed to the Lucas Common Pleas from an adverse decision of the Industrial Commission rejecting a claim arising out of the death of her daughter Wanda. The first trial of the actios resulted in a directed verdict against her, and the judgment entered was reversed by this court May 17, 1926. (Reported 4 Abs. 530.) On retrial of the case in the Lucas Common Pleas, the jury returned a verdict in her favor awarding as compensation, $10 a week for ten weeks, $150 funeral expenses and $350 for medical expenses. This proceeding in error is brought to secure a reversal. The Court of Appeals held:

1. Sec. 1465-89 GC. limits the allowance to be paid for medical aid to the sum of $200 except in unusual cases and this record contains no evidence showing this to be an unusual case.

2. Sec. 1465-90 GC. was in force at the time of this injury and required that the jury should determine the right of the claimant upon the evidence contained in the record certified by the Industrial Commission.

3. This statute was controlling in this case and the opinion of this court, when the case was formally here, shows that it was decided that all evidence contained in the transcript was competent.

4. Notwithstanding the statute and the ruling thereon, the trial court excluded much of the evidence received by the Industrial Commission and such ruling was prejudicial.

5. Upon request of Jasionowski, the trial court charged the jury: "You, the jury, are instructed as a matter of law that you shall not be bound by the usual common law or statutory rules of evidence, or by any technical or formal rule, or procedure other than as herein provided; but may make investigation in such manner as in your judgment is best calculated to ascertain the substantial rights of the parties, and to carry out justly the spirit of this act."

6. True, 1465-91 GC. provides among other things, that the Commission shall not be bound by common law or statutory rules of evidence, but it refers to the Industrial Commission and is not proper in a charge to the jury.

7. In the course of the general charge the court said "You are not required to have specific and certain evidence so that you are convinced about anything. You are only to find - - - - which side is likely to have the truth and your basis of calculation or speculation - - - - must arise on the testimony, etc."

8. This language could not fail to be confusing and misleading, for the jury decides a case on the weight of the evidence and not on the amount of the evidence as it must be observed that evidence refers to that which is written and oral and testimony only to oral.

Judgment therefore reversed.

(Williams & Culbert, JJ., concur.)

Attorneys—Frank Calkins for Commission; J. Harrington Boyd for Jasionowski; all of Toledo.