Marshall, C. J.
 

 Pearl M. Royer was injured in the course of her employment with the Cortland Hotel Company, in Canton, on January 1, 1918. At that time she was in charge of the linen room in the hotel, receiving a weekly wage of $9. Her injuries were quite serious and she was awarded compen
 
 *272
 
 sation by the Industrial Commission at the rate of $6 per week, until March 1, 1924, and was then denied further compensation. She appealed to the common pleas court, and a jury awarded her $10 per week for a period of approximately 254 weeks. Judgment was entered upon the verdict, and upon error to the Court of Appeals that court affirmed the judgment.
 

 The record discloses that when the injury occurred she had been working for the hotel company about onei year and was at that time 33 years of age. The wage of $9 per week did not include room and board. After the payments by the Industrial Commission were stopped, in 1924, she took up other employment, and it is claimed by counsel for the commission that her earnings then were more than the wage she had been paid by the hotel company. On the other hand, the evidence is clear that she was still suffering from her injuries, and that she never fully recovered her health and strength.
 

 The first claim of counsel for the commission is, therefore, that, because she is earning a sum equal to or larger than the wage received at and prior to the injury, there is no showing of impaired earning capacity. She makes claim for partial disability, and her right to recover is grounded upon Section 1465-80, General Code, which provides that the employee shall receive 66 2/3 per cent, of the impairment of his earning capacity, during the continuance thereof, not to exceed a maximum of $18.75 a week, nor a greater sum in the aggregate than $3,750. That statute further provides that such compensation shall be in addition to the compensation allowed to the claimant for the period of temporary total'
 
 *273
 
 disability resulting from such injury. Her award up to March 1, 1924, was on the basis of temporary total disability. She is therefore entitled to recover two-thirds of the impairment of her earning capacity following 1924.
 

 The fact, if it was the fact, that she was earning more than the wage received at the time of the injury, is not controlling, or even important. It is not a question of actual earnings, but of impairment of earning capacity. The fact of increased or decreased earnings has no essential relation to earning capacity. The claimant was earning $9 per week at the time of the injury in 1918. After several years of enforced idleness she is partially restored to health and strength, but the evidence is plain that she still lacks much of the energy and usefulness she possessed before the injury. By change of work she is able to earn more than before she. was injured. It does not follow that she has as much earning capacity as if she possessed her former health and strength.
 

 The jury found the issues in her favor and assessed the amount due at the sum of $10 per week for the period of 254 weeks. This was approximately the period from the time the commission ceased to make payment, March 1, 1924, to the time of trial in the court of common pleas.
 

 If the theory of counsel for the commission is sound, she would not be entitled to any recovery, because there would be no showing of impairment of earning capacity. It is evident that the Industrial Commission in making further compensation proceeded upon that theory. If under her change of occupation she was earning $10 per week, but could
 
 *274
 
 have earned $16 per week if possessed of her former health and strength, she has clearly suffered an impairment in earning capacity to that extent. The court of common pleas did not, therefore, err in submitting the case to the jury. Section 1465-84, General Code, provides: “The average weekly wage of the injured person at the time of the injury shall be taken as the basis upon which to compute the benefits.”
 

 Counsel for the commission claim that this section is controlling, and that it is a limitation upon the provisions of Section 1465-80. That is to say, if her average weekly wage at the time of the injury was $9, she could be awarded no greater compensation than $6 per week. It is claimed by counsel for the claimant that subsection 84 has no application whatever to subsection 80, but that subsection 84 only applies to subsections 82 and 83, relating to benefits in case of death. It is true that subsections 82 and 83 relate to injury resulting in death, and it is equally true that those sections do not use the term “compensation,” but, on the contrary, studiously and consistently employ the term “benefits.” If the general assembly in the enactment of these and all other sections of the compensation act had in all instances used the word “benefits” in relation to injuries resulting in death, and had in all other cases exclusively employed the word “compensation,” a strong argument would be presented in favor of the construction contended for by counsel for the claimant. An examination of Sections 1465-68, 1465-68a, 1465-68c, 1465-69, 1465-72, and 1465-90 indicates that those two terms have been
 
 *275
 
 employed interchangeably, and that neither term was employed in a narrow or exclusive sense.
 

 The court in charging the jury adopted the views of counsel for the claimant, and not only refused to limit the employee) to two-thirds of the wage paid in 1918, but also at his request gave to the claimant the benefit of Section 1465-85, which provides: “If it is established that the injured employee was of such age and experience when injured as that under natural conditions his wages would be expected to increase, the fact may be considered in arriving at his average weekly wage.”
 

 The court also charged the jury: “You have a right to take into consideration the plaintiff’s age and experience when she was injured, whether or not under the natural conditions she could have expected an increase in her wages had she not been injured.”
 

 While it is not doubted that this was a correct exposition of the law under certain circumstances, it is claimed that that statute had no application to the instant case. Manifestly, it was not intended that the commission should have a free hand in awarding compensation in excess of two-thirds of the average wage at the time of the injury, neither was it intended that a jury should be given the same latitude. The award of compensation is not a matter of discretion, and neither the commission nor courts and juries may disregard the measure of compensation which the statute provides, nor may they be moved by either sympathy or prejudice. Unfortunately, the Legislature has not clearly fixed the limitations of the consideration to be given to age and experience; yet there must necessarily be cer
 
 *276
 
 tain limitations, because every injured employee has both age and experience to his credit, and greater age and experience in prospect. If it was meant to confer an unlimited discretion, there was no occasion to employ the consideration of age and experience. To permit the commission or a jury to so interpret the .expression relating to age and experience as to permit liberal awards at discretion would bring the whole subject of awards into a state of uncertainty. In this land of opportunity, to the poorest and humblest is held out the hope of the highest positions and privileges. It may well be said that any employee of whatever age and with much or little experience may aspire to become foreman and even manager. If age and experience are in all cases to be taken into consideration, Section 1465-84 becomes wholly meaningless. In the absence of legislative interpretation, we are of the opinion that age and experience should only be considered in the case of persons of immature years, who have not yet become skillful in the particular employment in, which they were engaged at the time of the injury. Those terms should not be held to •apply to all ambitious persons on the sole ground that they aspire to promotion in more important, more skillful, and more remunerative employment. So far as this record discloses, the position of claimant in the linen room of the hotel was one of the poorest paid positions in the hotel, and while there was, of course, an opportunity for promotion to better paid positions, it does not appear that this particular position would have, commanded a higher wage after years of experience. The court’s instruction permitted an award of two-thirds of the amount
 
 *277
 
 of impairment of earning capacity, regardless of the wage at the time of the injury. The finding of the jury as expressed by its verdict is that her earning capacity is impaired in the sum of $10 per week. The larger sum includes the lesser sum. Under the true interpretation of Section 1465-84, the award could not have been in a sum greater than $6 per week. The judgment must therefore be reduced to the sum of $6 per week for the period of 254 weeks.
 

 It is further contended by plaintiff in error that the court erred in its general charge to the jury in repeatedly charging the jury that the workmen’s compensation laws are to be liberally construed. While it is not doubted that this is the correct rule of interpretation of statutes, in determining the right to participate in the insurance fund, it does not of course follow that liberality should be enjoined upon the jury. Liberality in determining the right to recover does not justify liberab'ty in measuring the amount of the recovery.
 

 This court will not weigh the evidence to determine whether an award of $6 per week is more than two-thirds of the impairment of claimant’s earning capacity. The jury found an impairment of $10 per week. The trial court might have entered a remittitur of a part of that amount. The Court of Appeals might likewise have ordered a remittitur. A reading of the record certainly justifies an award of $6 per week. We are of the opinion therefore that the philosophical discussion of the court of common pleas in the charge to the jury has not prejudiced the plaintiff in error.
 

 The judgment of the court of common pleas and of the Court of Appeals will therefore be modified
 
 *278
 
 by reducing the same to the amount provided by Section 1465-84, General Code, viz., the sum of $6 per week for the period of 254 weeks. As modified the judgment will be affirmed.
 

 Judgment modified and affirmed.
 

 Kinkade, Jones, Matthias, Day and Allen, JJ., concur.