BREWER v. INDUSTRIAL COMMISSION et al.

No. 5715.   Decided June 2, 1936.   (58 P. [2d] 33).

*Willard Hanson* and *Stewart M. Hanson,* both of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *F. A. Trottier,* of Salt Lake City, for defendants.

FOLLAND, Justice.

The deceased, Dan W. Brewer, was killed in an accident arising out of and in the course of employment. At the time he was employed as a miner in the Utah Apex mine at a wage of $3 per day working 7 days per week. The insurance carrier, the State Insurance Fund, assumed liability and has paid to the widow and minor children death benefits at the rate of $11.49 per week. The widow on behalf of herself and minor children filed a petition with the Industrial Commission for adjusted compensation alleging that she is entitled to receive payment based on a higher wage than $3 per day; that under the evidence adduced it was reasonable to believe that Mr. Brewer would have earned a higher wage in the near future if he had not been killed. It was made to appear that the deceased was thirty-eight years of age, an experienced miner who at previous times in the same and in other mines earned from $5 to $8 per day as mine shift boss and leaser, and that he could reasonably have expected promotion to the position of shift boss at $5 a day had he lived. He had been working as a miner at the $3 a day wage for about two months. Previous to that time he was operating under a lease in the mine, but could not continue on account of a heavy fall of snow making shipment of ore impossible at the time. He thereupon went to work as a common miner. It is contended on such showing that section 42-1-71, R. S. Utah 1933, would be applicable and require an award for the maximum of $16 per week because of the skill, experience, and earning capacity of the deceased, and the probable increase of wages. This section is as follows:

"If it is established that the injured empolyee was of such age and experience when injured that under natural conditions his wages would be expected to increase, that fact may be considered in arriving at his average weekly wage."

Defendants take the position that this section applies only in case the killed or injured employee is a person of imma-

ture years or an apprentice with little experience at the time of injury. The Industrial Commission decided that the provisions of the quoted section do not apply in cases of the character shown by this record; that the State Insurance Fund was paying compensation according to law, and denied the petition for an award of greater compensation.

The single question before us, which is one of first impression in this court, involves the construction and application of the quoted section of the law. The general rule for computing rate of benefit payments, which was followed in this case, is contained in section 42-1-70, R. S. Utah 1933, which we skeletonize as follows:

"The average weekly wage of the injured person at the time of injury shall be taken as the basis upon which to compute benefits. * * * The average weekly wage shall be determined as follows:

"(1) Determine the contract of hire existing at the time of the injury, whether upon year, month, week, day, hour or piece basis;

"(2) Determine whether the employment is operated on a five and one-half, six or seven day basis. * * *

"(4) To determine average weekly wage. * * * If the employment is seven days per week, multiply the daily wage, as determined above, by 332 and divide by 52."

The definite formula is then outlined as follows:

$$\frac{D \text{ (daily wage) X } 332 \text{ X } .60}{52} = \text{weekly compensation}$$

It was conceded that the contract of hire provided for a daily wage of $3 and that the employment was for 7 days a week. Using these factors in the above formula, the result would be a weekly compensation of $11.49. This is the correct and proper amount under the law, inadequate though it may be in providing for a widow and six children, unless section 42-1-71 is applicable and under its provisions the Industrial Commission is required to award a higher rate based on the fact that the deceased previously had earned

more money and there were prospects for a future higher wage.

This court has heretofore decided that compensation or benefits must be based on the wage presently earned and computed in accordance with the provisions of section 42-1-70, and that the "benefits may not be enlarged or diminished because the injured employee may have had larger or smaller earnings prior to the time of his injury in some other or the same employment." *Millard County* v. *Industrial Commission*, 62 Utah 46, 217 P. 974, 976; *Uintah Power & Light Co.* v. *Industrial Commission*, 56 Utah 169, 189 P. 875, 876. In the Millard County Case, supra, the employee was an automobile salesman earning regularly an average of $125 per month. He was called specially by the sheriff of the county to aid in the apprehension of an escaped prisoner. The employee assisted in the search for four days when in an effort to capture the prisoner he was shot and killed by the outlaw. His wage for his services to the county was $3 per day. The commission awarded compensation to his dependents based on his earnings as an automobile salesman. This court held the award excessive and directed that it be based on "the average weekly wage of the deceased at the time of his injury and death, in the employment in which he was then engaged." In the Uintah Power & Light Co. Case, supra, Mr. Justice Frick in his concurring opinion said:

"The statute assumes that the average wages earned at the time of the injury will continue indefinitely, and hence the earnings at that time were made the basis of computation."

In each of these cases the employee was an adult. The provisions now found in section 42-1-71 were then in the law, but that section was not relied on by either party or referred to by the court in the decisions. The provision would probably have been applicable in the Millard County Case if found applicable to the facts in the present case. Since the decisions above referred to were rendered, the

with our statute. In the former class are New York, California, Colorado, Connecticut, Oklahoma, and Missouri. The English law is of similar effect. *Woodilee Coal & Coke Co.* v. *M'Neill*, (1918 A. C. 43), 2 A. L. R. 1637. In the latter class are Massachusetts, Maryland, and Ohio. It is generally recognized that large portions of our law were taken from the Ohio law, the section under consideration being practically identical. There are decisions by the courts of each of these states. The one from Ohio definitely decides that statute has been amended by adding the formula making more definite the method of computation of benefits based on the weekly wage.

Many of the state compensation statutes have similar provisions to our section 42-1-71. Some of these statutes are in terms limited to minors or persons of immature age while others are practically identical in language and meaning the section is limited in its application to cases involving injuries to or death of minors or persons of immature years. The cases from Massachusetts and Maryland are not decisive but tend to support the same view. *Industrial Commission of Ohio* v. *Royer*, 122 Ohio St. 271, 171 N. E. 337, 338; *Raymond Gagnon's Case*, 228 Mass. 334, 117 N. E. 321, 322, 21 A. L. R. 1528; *Baltimore Publishing Co.* v. *Hendricks*, 156 Md. 74, 143 A. 654.

The Royer Case, supra, involved an injury to a thirty-three year old woman employed by a hotel in charge of its linen room at a wage of $9 per week. Compensation was awarded her on the basis of a higher wage afterwards earned by her in another employment. After applying to the case the provisions of the statute identical with our section 42-1-71, the Supreme Court of the state by unanimous decision held the section not applicable to the case and gave the following reasons:

"Manifestly, it was not intended that the commission should have a free hand in awarding compensation in excess of two-thirds of the average wage at the time of the injury, neither was it intended that

a jury should be given the same latitude. The award of compensation is not a matter of discretion, and neither the commission nor courts and juries may disregard the measure of compensation which the statute provides, nor may they be moved by either sympathy or prejudice. Unfortunately, the Legislature has not clearly fixed the limitations of the consideration to be given to age and experience; yet there must necessarily be certain limitations, because every injured employee has both age and experience to his credit, and greater age and experience in prospect. If it was meant to confer an unlimited discretion, there was no occasion to employ the consideration of age and experience. To permit the commission or a jury to so interpret the expression relating to age and experience as to permit liberal awards at discretion would bring the whole subject of awards into a state of uncertainty. In this land of opportunity, to the poorest and humblest is held out the hope of the highest positions and privileges. It may well be said that any employee of whatever age and with much or little experience may aspire to become foreman and even manager. If age and experience are in all cases to be taken into consideration, section 1465—84 becomes wholly meaningless. In the absence of legislative interpretation, we are of the opinion that age and experience should only be considered in the case of persons of immature years, who have not yet become skillful in the particular employment in which they were engaged at the time of the injury. Those terms should not be held to apply to all ambitious persons on the sole ground that they aspire to promotion in more important, more skillful, and more remunerative employment."

In the case of Raymond Gagnon, supra, the statute was held applicable where the injured employee was an eighteen year old boy, but the court limited determination of the weekly wage to the probable natural increase of wages of the injured party in the same employment in which he was engaged when injured. The court said:

"This interpretation is confirmed by practical considerations.

"The scheme of the act is that the employer shall be insured against the losses from personal injury to employees arising out of and in the course of their employment. The cost of such insurance can be determinated so long as the basis on which compensation is to be reckoned is wages paid by the employer. It can readily be determined so long as the standard fixed by the definition of average weekly wages in part 5, § 2, above quoted, is followed. But it would be a matter of utter uncertainty if the compensation to be paid should depend, not

upon wages paid, but upon wages which the Industrial Accident Board after an injury may find upon independent evidence, perhaps not readily open to the employer during the period of employment, that the injured employee might have earned in some other employment or field of activity."

The Maryland case is less helpful. A sixteen year old boy was injured in employment. He sought, under another section of the law, to obtain additional compensation for his injury. The court in the course of its opinion said the section under which the case was brought should be considered in connection with the section identical with our section 42-1-71, and cited two cases from California and New York, each of which construed and applied a similar section which by their terms were applicable to minors. In *Industrial Commission* v. *Jasionowski*, 24 Ohio App. 66, 156 N. E. 616, the statute was applied to a sixteen year old girl, the only issue with respect thereto being whether the provision was restricted to cases of injury or extended to cases also of death.

We are much impressed with the views expressed by the Ohio court in the Royer Case, supra, and are convinced its construction is the consistent and proper one. We should be inclined to reach the same conclusions were there no prior decisions to aid us. If the section were given broader application, it would place a burden on insurance carriers which they never contracted to assume, and leave the matter of compensation, within only the statutory maximum and minimum limits, entirely to the discretion or whim of the Industrial Commission. In nearly all cases it could be shown that the injured employee had hopes of future advancement or an increase in earning capacity, or that times would become better and wages reach a higher scale. This section must be read in connection with the previous one which definitely makes the basis of compensation the average weekly wage of the employee at the time of injury. The section was intended to have a restricted application. The provision is peculiarly adapted to apply in case of minors or per-

sons of immature years whose wages are usually less than that of adults in like employment, but who could be expected naturally and normally to reach the wage scale of adults with increasing years and experience. Where such persons are killed or injured in employment, it is only fair they should be placed on a comparable basis with adults, particularly where the injury is such as will reach into a period beyond majority.

The order of the Industrial Commission is affirmed.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.