By the Court.
The sole question presented is *15 whether an employee who has' received his regular wages during the period of temporary total disability is entitled to compensation for such disability under the Workmen’s Compensation Act.
Section 1465-79, General Code (110 Ohio Laws, 224), reads: “In case of temporary disability, the employee shall receive sixty-six and two-thirds per cent of his average weekly wages so long as such disability is total, not to exceed a maximum of eighteen dollars and seventy-five cents per week, and not less than a minimum of five dollars per week, unless the employee’s wages shall be less than five dollars per week, in which event he shall receive compensation equal to his full wages; but in no case to continue for more than six years from the date of the injury, nor to exceed three thousand, seven hundred and fifty dollars.”
Unless there is some other provision in the statutes bearing on the rights of the parties, the relator would be entitled to compensation notwithstanding the payment of regular wages. Respondent claims such a provision is found in Section 1465-68, General Code, which reads: “Every employee mentioned in Section 1465-61, who is injured, * * * shall be paid such compensation out of the State Insurance Fund for loss sustained on account of such injury * *
Counsel for respondent in their brief assert: “It is the contention of the respondent that the relator is not entitled to receive any award from the State Insurance Fund unless he has sustained a Goss.’ During the entire period of disability he was paid his regular wage;• therefore, he sustained no Goss.’ ”
The further concession is made by counsel for respondent that the employer was under no obligation to pay wages to the employee.
In Industrial Commission v. Royer, 122 Ohio St., 271, 171 N. E., 337, the court in construing Section 1465-80, General Code, held that an employee who suf *16 fered a partial disability as tbe direct result of an injury sustained in tbe course of employment is entitled to compensation even though he earns, during the period for which compensation is sought, an amount equal to or more than his wages at the time of the injury.
Under Section 1465-80, General Code, however, the allowance for partial disability is based on impairment of earning capacity; on the contrary, Section 1465-79, General Code, allows a percentage of the average weekly wages for temporary total disability. There is evidently a distinction between the two sections. Under Section 1465-80, the loss sustained is an impairment of earning power; under Section 1465-79, it is loss of wages. Under the circumstances existing in the case at bar there was no loss and therefore no right to compensation for the disability; consequently, the relator is not entitled to a writ of mandamus.

Writ denied.

Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.