█ In the Matter of the Claim of PAUL ROSE, Respondent, against NEWS-DAY NEWSPAPER, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for a permanent loss of use of $12\frac{1}{2}\%$ of the right foot. The question presented is whether the board properly established a wage expectancy of $55 per week, claimant being about $12\frac{1}{2}$ years of age and employed as a newspaper carrier, his weekly wages and tips being from $7.60 to $8.60 for about one hour's work per day. The board's determination was pursuant to subdivision 5 of section 14 of the Workmen's Compensation Law, providing: "If it be established that the injured employee was a minor when injured, and that under normal conditions his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages." The general language of subdivision 5 has been limited by judicial construction to require that the expectancy of increased wages must be considered with reference to the employment in which the minor was injured, thus applying to the case of an infant, under subdivision 5, the language of subdivision 1 applicable to other employees. (*Gruber* v. *Kramer Amusement Corp.*, 207 App. Div. 564.) Appellants contend that in this case the rule prevents consideration of increased wages because, in their view of the evidence, a newspaper carrier's career is short and offers no opportunity for advancement. We do not reach the question whether the rule is so inflexible as not to yield to peculiar or unusual circumstances when the salutary purposes of subdivision 5 might otherwise be thwarted, as we find that in this case the test was met. The employer's assistant circulation manager testified that some carriers continued to work until they were 16 or $16\frac{1}{2}$ years old and that while he knew of no instance in which a carrier had progressed "on continuing employment" to a different job, a former carrier might be considered for the work of supervising carriers, such supervisors being "preferably" over 25 years old. He further testified that the employer's organization was a large one and that the average weekly wage of employees over 21 years old was in excess of $55. The record warrants the board's conclusion that this $12\frac{1}{2}$ year old boy, capable of earning about $8 for six hours' work, might under normal conditions and upon reaching maturity be reasonably expected to earn a weekly wage of $55 in employment by a publisher. "Unless it appears that the minor is in some way disqualified, or incapacitated, for a better paid position in the same employment in which he was working when injured, it is a fair inference that he is a normal boy of his age and would be expected to have some higher paid position in the

employment, if such there be, which the average man at least could fill, and the Industrial Board, if so convinced, may so find." (*Szmuda* v. *Kent Bag Co.*, 214 App. Div. 341, 342.) There seems to us no basis for requiring that an opportunity for "continuing employment" be shown or that claimant's wage expectancy be determined as at age 21 and no other, particularly since his disability is a permanent one. (*Szmuda* v. *Kent Bag Co.*, *supra*.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur; Halpern, J., concurs in the result.