In the Matter of the Claim of PATRICK W. DONNELLY, Respondent, against BUFFALO EVENING NEWS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 23, 1958.

*Percy R. Smith* for appellants.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky and Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

COON, J. Claimant, a minor 13 years of age, was employed as a newsboy, earning $9.29 per week. In the course of his employment he fell and fractured his thumb resulting in a permanent schedule loss of use of 10% of his left thumb, for which an award

has been made. The award is at the rate of $36 per week based upon a wage expectancy, found by the board, of $54 per week at the time of claimant's maturity. Appellants question only the propriety of such a wage expectancy rate upon this appeal.

Claimant's wage expectancy rate was fixed pursuant to subdivision 5 of section 14 of the Workmen's Compensation Law, which reads: "If it be established that the injured employee was a minor when injured, and that under normal conditions his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages."

Although the quoted section does not so require, by judicial construction a general rule has been established that the expectancy of increased wages must be based upon possible advancement and increased earning capacity in the same employment. Appellants' argument is, in substance, that there is no likelihood of claimant continuing as a newsboy after reaching maturity, and no reasonable likelihood of increased earnings as a newspaper boy in the future.

We have already held that a wage expectancy of $55 per week could be sustained for a newspaper boy earning from $7.60 to $8.60 per week on the prospect of his advancement in the newspaper business. (*Matter of Rose* v. *Newsday Newspaper,* 4 A D 2d 918.) We think this award can be sustained upon the same theory. It appears from the testimony of claimant's high school guidance counselor that claimant had expressed a desire in writing to become a newspaper man prior to the accident. The same witness testified that claimant was a normal, intelligent boy, who upon completion of his education could earn at least $60 per week, and that many boys, even in the field of unskilled labor, were earning well over $60 per week before they attained 21 years of age. Claimant testified that he wanted to go to college and study journalism, and that he had an older brother who was already doing so. The employer's circulation manager testified that while newsboys get no special consideration for other jobs on a newspaper, claimant would be eligible for other jobs if found generally qualified, and "that depends on the individual."

However, the award need not rest upon any such narrow ground. The rule that a finding of wage expectancy must be limited to the same or a similar employment should have no application to the peculiar and unusual status of a newsboy. The statute does not require it, and no judicial decision has gone that far. In the *Rose* case (*supra*) we said: "We do not reach the question whether the rule is so inflexible as not to yield to peculiar or unusual circumstances when the salutary purposes

of subdivision 5 might otherwise be thwarted ''. We now say that the rule is not so '' inflexible '' that it must be applied to the peculiar status of a newsboy and thus deprive him of fair and adequate compensation for an injury simply because he was injured in a temporary and part-time employment.

It appears without dispute that newsboys are hired only between the ages of 12 and 18, and they must relinquish the employment upon attaining the age of 18. It is a matter of common knowledge that it is a temporary, part-time employment, and never intended by the employer or the employee to be permanent. It is also a matter of common knowledge that the vast majority of newsboys enter other walks of life upon attaining majority, and that most of them attain substantial success. The rule in question undoubtedly emanated from the fact that most minor employees enter a field of employment in which they expect to continue and in which they would normally be advanced and receive increased earnings. In such cases it would be unfair to base a wage expectancy upon some other and more lucrative type of employment. However, a newsboy never expects or intends to continue in the same employment, and it would be equally unfair to confine his wage expectancy to employment as a newsboy or even in the newspaper business.

This claimant has a permanent disability, sustained in his employment, which he will carry with him through life and will be as much present and as much of a handicap after he attains majority as it is now. He should not be limited to compensation based upon a paltry $9.29 a week, earned as a part-time newsboy, because of a rule which was never intended to apply to such an unusual and peculiar class of employees.

The award should be affirmed, with costs to the Workmen's Compensation Board.

Foster, P. J., Bergan, Herlihy and Reynolds, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.