**HARMON'S TEXACO SERVICE STATION and Standard Insurance Company, Petitioners,**

v.

**Charles Lee KESSINGER and State Industrial Court of Oklahoma, Respondents.**

**No. 39441.**

Supreme Court of Oklahoma.

July 11, 1961.

Rehearing Denied Oct. 17, 1961.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for petitioners.

Paul Pugh and Al Pugh, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On the 6th day of July, 1960, Charles Lee Kessinger, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on the 1st day of January, 1960, he sustained an accidental injury arising out of and in the course of his employment with Harmon's Texaco Service Station, employer. Following a hearing, the State Industrial Court entered an award for permanent partial disability, and this proceeding is brought by the employer and its insurance carrier, Standard Insurance Company, to review the award.

The evidence discloses that claimant sustained a serious injury to his right eye, head and back when a truck tire exploded. Petitioners admit the accidental injury and that some disability resulted therefrom. The expert witnesses for claimant and petitioners fix the disability to the right eye at 20–200. Dr. C in the report filed for the petitioners stated that this was 80 percent loss of vision of the eye. Claimant stated he could not see out of the eye, and Dr. G who filed a report for claimant stated that the eye looked normal but was blind. In addition to the testimony as to the eye, Dr. C for the petitioners stated claimant has a ten percent disability to the body as a whole due to the accidental injury. Dr. G fixed the permanent partial disability due to the accidental injury at 40 percent to the body as a whole. The trial judge entered an award in part as follows:

"\* \* \* that claimant being a minor, at the age of 16 years, any permanent partial disability compensation due him shall be paid at the rate of $30.00 a week. That claimant sustained 80% loss of vision in his right eye, which is industrially blind, for which he is entitled to 100 weeks, or $3,000.00. That as a result of said injury, claimant has sustained 10 percent permanent partial disability to his body as a whole, for which he is entitled to compensation for 50 weeks at $30.00 per week, or the total amount of $1,500.00, of which 26 weeks have accrued to October 7, 1960, and shall be paid in a lump sum of $780.00, balance of award to be paid at the rate of $30.00 per week from October 7, 1960."

The award was amended on appeal to the State Industrial Court en banc to include 15 percent permanent partial disability in addition to the disability to the eye.

Petitioners first argue that the State Industrial Court erred as a matter of law in finding there was a total loss of the eye. We have held there is a complete loss of an eye within the meaning of the Workmen's Compensation Act when the eye is industrially blind. Special Indemnity Fund et al. v. Fellows et al., Okl., 261 P.2d 899; Special Indemnity Fund v. Smith et al., 206 Okl. 185, 242 P.2d 159; Special Indemnity Fund of State v. Woodrow et al., 206 Okl. 580, 245 P.2d 445; and Ravelin Mining Co. et al. v. Viers et al., 201 Okl. 12, 200 P.2d 433. In Ravelin Mining Co. et al. v. Viers et al., supra, we held that one who has 20–200 vision is industrially blind. The State Industrial Court did not err in finding there was a complete loss of the eye.

Petitioners next argue that the State Industrial Court erred in finding that in addition to the loss of the eye there was a 15 percent permanent partial disability to the body as a whole. We are of the opinion that the State Industrial Court was authorized to assume that Dr. C intended to state that claimant had a permanent partial disability in addition to or without consideration of the eye because the doctor admitted 80 percent loss of vision of the eye which would be 80 weeks, and ten percent permanent partial disability would be only 50 weeks. When the report of Dr. G for claimant had been accepted it was stipulated that the 40 percent permanent partial disability took into consideration the loss of the eye.

█ █ In Ridenour v. Van Pick Oil Co. et al., Okl., 289 P.2d 135, it was held that the State Industrial Court could fix any degree of disability within the range of the medical evidence. In Special Indemnity Fund v. Horne et al., 208 Okl. 218, 254 P.2d 988, it was held the State Industrial Court could choose any portion of the medical evidence in fixing the degree of disability. The loss of an eye is 100 weeks or 20 percent of the 500 weeks. The State Industrial Court was authorized to find that the testimony of Dr. G was to the effect that claimant had at least 20 percent disability to the body as a whole in addition to the loss of the eye. The finding that claimant has a 15 percent permanent partial disability in addition to the loss of eye is supported by the evidence.

Finally, petitioners argue there is no evidence to support the finding as to earning capacity. 85 O.S.1951 § 21, paragraph 5, is as follows:

"If it be established that the injured employee was a minor when injured, and that under normal conditions his wages would be expected to increase, the fact may be considered in arriving at his average weekly wages."

█ The only case we have found from our court on this point is Shoemake Station et al. v. Stephens et al., Okl., 277 P.2d 998. It discloses evidence was submitted bearing on this question but announces no rule as to what evidence is required. Obviously, this provision was for the benefit of a minor. It should be liberally construed in favor of the minor. In Shoemake Station v. Stephens, supra, Szmuda v. Percy Kent Bag Co., 214 App.Div. 341, 212 N.Y.S. 139, 140, is cited with approval. Therein it is stated that the wages received by the minor in the particular employment does not necessarily control, and it is pointed out that there is a strong probability that a minor will change his employment.

█ We think the proper rule is announced in Szmuda v. Percy Kent Bag Co., supra. In that case the court said:

"The question whether or not * * it is established under normal conditions the wages of an injured minor, who has suffered a permanent partial disability, would be expected to increase, is one for the Industrial Board to determine under all the circumstances disclosed in the evidence. * * * Unless it appears that the minor is in some way disqualified, or incapacitated, for a better paid position in the same employment in which he was working when injured, it is a fair inference that he is a normal boy of his age, and would be expected to have some higher paid position in the employment, if such there be, which the average man at least could fill, and the Industrial Board, if so convinced, may so find."

█ The record discloses that claimant was sixteen years of age when the accident happened, and he was seventeen at the date of the trial. There was evidence he was mentally alert and able bodied prior to the accidental injury, and he is an intelligent boy willing to work. The Form 3 claim filed by claimant stated his daily wage at $5.83. He testified he was supposed to get $35 per week. The State Industrial Court was justified in finding there was a prob-

ability of increase in his wage earning capacity. The evidence supports the finding of the State Industrial Court as to the average weekly earnings.

Award sustained.