Dwight WILLIAMSON and Herbert Coles, d/b/a Ice Service of Tulsa, Petitioners,

v.

Gerald GRIMM and the State Industrial Court of the State of Oklahoma, Respondents.

No. 41930.

Supreme Court of Oklahoma.

Feb. 21, 1967.

Johnson & Fisher, Tulsa, for petitioners.

Harry V. Rouse, Tulsa, G. T. Blankenship, Atty. Gen., for respondents.

HODGES, Justice.

Claimant obtained an award before the trial judge of the State Industrial Court for injury to his right hand incurred in his employment by the respondent in a pursuit within the purview of the Workmen's Compensation Law. The award obtained is for 8 & 4/7ths weeks temporary total disability at the rate of $21.33 and for 50 weeks of compensation for permanent partial disability at the rate of $40.00 based upon 25 per cent permanent partial disability to his right hand. The disparity of rate in the award stems from the minority of the claimant and the finding of the State Industrial Court of the expectation of claimant's wage increase as provided in 85 O.S.1961, § 21(5). The award of the trial judge was appealed by the respondents, petitioners here, to the State Industrial Court en banc and was there affirmed. Respondent then brought this original action for review. The parties will be referred to here by their respective trial court designations of claimant and respondent.

Respondent assails the award of the trial court on the ground that the award of compensation for 25 per cent permanent partial disability to the right hand is contrary to evidence and on the ground that the rate of compensation for permanent partial disability at $40.00 per week is contrary to the evidence and to law.

Respondent contends that the medical testimony of Dr. D adduced on behalf of the claimant is not only based upon injury to the right hand, but also upon a laceration on the right forearm, which the respondent alleges occurred at some later date. Respondent points out that the report of Dr. F, a medical witness appearing in its behalf, did not reflect that he considered this laceration on the forearm in arriving at the conclusion that claimant sustained an 8 per cent permanent partial disability to the right hand.

The claimant's first notice of injury filed before the trial court July 9, 1965, following the injury which claimant sustained July 4, 1965, alleges injury to the "right arm." Claimants are by the Workmen's Compensation Law required to furnish this notice of injury in writing within 30 days of injury, unless excused. 85 O.S. 1961, § 24. The purpose of the requisite notice is to furnish the employer with prompt information to permit him to make timely investigation to determine the nature and extent of injury and to provide prompt medical treatment to prevent or minimize resulting disability. Simmons v. Oklahoma Cement Co., Okl., 394 P.2d 462; Nelson Electric Mfg. Co. v. Cartwright, Okl., 277 P.2d 163. Claimant alleged his injury by his notice thereof and he sustained the burden of proof which the Workmen's Compensation Law imposed upon him. The medical testimony of Dr. D adduced in behalf of claimant fixes a 20 to 25 per cent loss of the power of the intrinsic muscles of the right hand with a total 40 per cent permanent partial disability to the right hand, and the award of compensation is as to the loss of use of the right hand. The question is one purely of fact and where the judgment of the State Industrial Court on a nonjurisdictional question is supported by

competent evidence this court will not disturb that judgment on appeal. Sigler v. Tillery & Jones, Okl., 292 P.2d 423; Akin v. Akin Distributors, Inc., Okl., 386 P.2d 769.

The second contention of the respondent concerns the fixing of the rate of compensation for permanent partial disability at the maximum statutory amount of $40.00 per week and the rate of temporary total at $21.13. The respondent does not challenge in his brief the rate on which temporary total compensation was awarded. Respondent does assert error in connection with the calculation of the rate of compensation of $40.00 per week awarded for permanent partial disability based on the minority of the claimant, and contends that the expectation that the claimant's wages would increase is not supported by the evidence and is contrary to law. It is the position of the respondent that the rate for permanent partial compensation on the record ought to be the lesser rate awarded for temporary total compensation. This issue is specifically covered by our statute, 85 O.S.1961, § 21(5), which provides:

"If it be established that the injured employee was a minor when injured, and that under normal conditions his wages would be expected to increase, the fact may be considered in arriving at his average weekly wages."

In Harmon's Texaco Service Station v. Kessinger, Okl., 365 P.2d 131, we held this statute should be liberally construed in favor of the minor. The court in the Harmon's Texaco case cites with approval the earlier case of Shoemake Station v. Stephens, Okl., 277 P.2d 998. The Shoemake case is in turn based on the New York Appellate Division decision in Szmuda v. Percy Kent Bag Co., 214 App.Div. 341, 212 N.Y.S. 139, which holds that the wages received by the minor in the particular employment does not necessarily control, and points out the strong probability that a minor worker will change his employment.

We hold here in keeping with the cited authority in Harmon's Texaco, that the State Industrial Court may determine under all the circumstances disclosed in the evidence, whether or not it has been sufficiently established that under normal conditions the wages of an injured minor who has suffered a permanent partial disability would be expected to increase. The record here discloses that the claimant was paid as a temporary worker at the rate of 80 cents per hour, or an average of $9.25 for each of the two days he was employed by the respondent. The prevailing rate scale in the industry in which the injury was sustained, in the geographical area in which it was sustained, while persuasive, is not controlling, as it is reasonably to be supposed that a minor will change his employment at a later date. The uncontroverted testimony of the claimant was that he had previously held two jobs at which he earned $1.00 and $1.25 per hour.

The trial court takes judicial notice of the statutes of the State of Oklahoma as they become pertinent to controversies there adjudicated, and the provisions of 40 O.S.Supp.1965, § 197.2, the Oklahoma Minimum Wage Act, effective July 8, 1965, are persuasive in support of the conclusion that the claimant's earnings would reasonably be expected to increase above 80 cents per hour.

The court in Harmon's Texaco, supra, referring to the earlier Shoemake Station case, supra, observes that this court has announced no rule regarding the evidence required to support a finding by the State Industrial Court that a minor's wages would be expected to increase. The evidence in the instant case in that connection is minimal in fact and the task of the trial court would have been less tedious had the claimant's evidence on this facet of proof been elaborated. Nevertheless, diligent search of the record does disclose sufficient evidence reasonably supporting the finding of the trial court of an affirmative probability in

this regard and such finding as a determination of fact is not to be disturbed on appeal.

Award sustained.

All Judges concur.