**Jerry R. PROBST, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION of Utah, J. Brent Wood, d/b/a Kitco, Inc. and State Farm Fire & Casualty, Defendants.**

**No. 15425.**

Supreme Court of Utah.

Dec. 22, 1978.

Bryce McEuen, Provo, for plaintiff.

Robert B. Hansen, Atty. Gen., Frank G. Noel, Salt Lake City, for defendants.

HALL, Justice:

The above entitled matter is before this Court wherein the plaintiff seeks a review of the order of the Industrial Commission, which modified and reduced an award granted by a hearing examiner.

On January 24, 1976, the plaintiff was injured while operating a press in the employment of the defendant J. Brent Wood. As a result of the injuries sustained, it was necessary to amputate an injured hand. Thereafter the plaintiff was fitted with a prosthetic device. At the time of the injury plaintiff was a student at Brigham Young University and had recently been hired by defendant Wood to work nights and on weekends. Plaintiff was injured after he had been on the job only four days and he was being paid at the rate of $2.50 per hour. There was evidence to the effect that after a training period of approximately 30 days the plaintiff would receive between $3.00 and $3.25 per hour.

The plaintiff applied for workmen's compensation basing his claim on an hourly

wage of $3.25, and on January 31, 1977, a hearing was had before an administrative law judge acting on behalf of the Industrial Commission. At that hearing the plaintiff testified that after his injury he had worked for his father on his father's ranch, at a monthly salary of $500. At the time of the hearing he was employed by Christiansen Brothers Construction Company and was receiving $6.00 per hour. After the hearing the administrative law judge found that the plaintiff "was of such an age and experience when injured that under natural conditions his wages would be increased to the extent that he is entitled to the maximum allowable weekly wage in effect at the time of his injury." The severity of the injury, both as to appearance and to inconvenience for life, and the costs of replacing and maintaining the artificial arm appliance apparently convinced the law judge that the claimant was entitled to the maximum average weekly wage for computation of permanent partial disability which means he would be entitled to compensation at the wage of $103.33 per week for 168 weeks for a total of $17,359.44. The finding of the administrative law judge was based on the provisions of U.C.A., 1953, 35–1–76, as amended, which reads as follows:

If it is established that the injured employee was of such age and experience when injured that under natural conditions his wages would be expected to increase, that fact may be considered in arriving at his average weekly wage.

On June 24, 1977, the Industrial Commission modified and reduced the amount found by the administrative law judge to the sum of $12,108.58. As a basis for its modification, it appears that the Commission determined that the wage of the plaintiff should be determined on the wages paid *within the same employment*. The Commission applied the provisions of U.C.A., 1953, 35–1–75, the pertinent parts of which are as follows:

. . . Except as otherwise provided in this act, the average weekly wage of the injured employee at the time of the injury shall be taken as the basis upon which to compute the weekly compensation rate . . .

It appears that the Commission followed Sec. 35–1–76 in determining that the plaintiff was entitled to have his compensation calculated on the basis of a $3.25 per hour wage rather than the $2.50 per hour which he was receiving at the time of the accident. The Commission refused to extend the provisions of that statute to award the plaintiff compensation to the maximum average weekly wage.

Plaintiff's contention here is that he should get whatever his capabilities might command for the 168 weeks, *on any job* he might reasonably expect to hold during such time. He says this is so because the Act is humanitarian and should be liberally construed, citing and quoting several Utah cases to establish such humanitarianism. He then cites and quotes four cases to justify his contention that his award should be based upon pay he could reasonably be expected to receive in employment other than that which he had with Wood. Two of the cases are from New York[1] and two are from Oklahoma[2] and although they are seemingly in accord with his contention, they apply only to minors, and hence are not applicable since plaintiff is an adult and as such could not have received anything under the cases cited.

Plaintiff's application requests consideration on the basis of $3.25 per hour and the Commission granted him just that. Only after the administrative law judge recommended he be awarded a greater amount did he ask for more than that for which he originally applied. Reason and logic supports the Commission in limiting the award under a formula based upon a wage that plaintiff was willingly and contractually receiving. There appears to be little reason

1. *Donnelly v. Buffalo Evening News*, 5 A.D.2d 639, 174 N.Y.S.2d 361 (1958); *Haldane v. Buffalo Evening News*, 6 A.D.2d 734, 174 N.Y.S.2d 365 (1958).

2. *Harmon's Texaco Service Station v. Kessinger*, Okl., 365 P.2d 131 (1965); *Williamson v. Grimm*, Okl., 425 P.2d 992 (1967).

or logic in applying a contrary formula based upon future expectations and speculation which would occasion different results in each case depending upon the varying aptitudes of each applicant.

The Commission acted within its powers in limiting the application of the provisions of U.C.A., 1953, 35–1–76 and it was not arbitrary in so doing.[3]

The decision of the Commission is affirmed. No costs awarded.

ELLETT, C. J., and CROCKETT and WILKINS, JJ., concur.

MAUGHAN, J., dissents.

3. *Brewer v. Industrial Commission*, 89 Utah 596, 58 P.2d 33 (1936); *In re Gagnon*, 228 Mass. 334, 117 N.E. 321 (1917); *Industrial Commission of Ohio v. Royer*, 122 Ohio St. 271, 171 N.E. 337 (1930); *Gruber v. Kramer Amusement Corp.*, 207 App.Div. 564, 202 N.Y.S. 413 (1924).