[THE STATE EX REL.] JONES, APPELLANT, *v.* DEVERY, ADMR.; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Jones v. Devery* (1998), 83 Ohio St.3d 361.]

(No. 96–233—Submitted June 24, 1998—Decided October 14, 1998.)

*Thompson, Meier & Dersom, Thomas D. Thompson* and *David J. Azallion,* for appellant.

*Betty D. Montgomery,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for appellee.

**Per Curiam.**   IEC looks beyond actual earnings to claimant's potential earnings—*i.e.,* earning *capacity.   State ex rel. Eaton Corp. v. Indus. Comm.* (1993), 66 Ohio St.3d 180, 610 N.E.2d 992, and *Indus. Comm. v. Royer* (1930), 122 Ohio

St. 271, 171 N.E. 337. It looks "not [at] what claimant *did* earn, but what he or she *could have* earned." (Emphasis *sic.*) *Eaton* at 183–184, 610 N.E.2d at 995. An allegation that injury has impaired a claimant's earning capacity requires the commission to identify both claimant's pre- and post-injury earning capacities, to denominate the two monetarily, and to make a comparison. *Eaton.*

In this case, the commission separately determined claimant's pre- and post-injury earning capacities and explained how those figures were reached. Despite this adherence to *Eaton,* claimant nevertheless assails the order's analysis for failing to consider Dr. Lowe's assertions of diminished job choice and shortened work life.

We find this argument to be unpersuasive. The SHO's affirmance of the DHO's order without independent evidentiary findings is inherently a rejection of Dr. Lowe's report as unpersuasive. *State ex rel. DeMint v. Indus. Comm.* (1990), 49 Ohio St.3d 19, 550 N.E.2d 174. Consequently, the commission was not required to discuss in its order the assertions contained in that report. No abuse of discretion, therefore, exists.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.