[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 361.]

[THE STATE EX REL.] JONES, APPELLANT, *v.* DEVERY, ADMR.; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Jones v. Devery*, 1998-Ohio-289.]

*Workers' compensation—Industrial Commission does not abuse its discretion in denying impaired earning capacity compensation, when.*

(No. 96-233—Submitted June 24, 1998—Decided October 14, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD01-53.

_____

{¶ 1} Appellant-claimant, Janice M. Jones, was injured in 1985 in the course of and arising from her employment with Glosser Brothers, Inc. Her workers' compensation claim was allowed for "lumbar dorsal contusion with possible herniated disc." A herniated disc was never subsequently confirmed. Claimant never returned to work and, in 1991, moved appellee, Industrial Commission of Ohio, for permanent partial disability compensation pursuant to former R.C. 4123.57. Estimates of claimant's permanent partial disability were set at fifty, thirty, and fourteen percent by Drs. Keith Rugh, W. Jerry McCloud, and Mark E. Weaver, respectively. Drs. Rugh and McCloud placed restrictions on claimant against bending and lifting. No other limitations were prescribed.

{¶ 2} The commission ultimately found claimant to have a twenty percent permanent partial disability. Given a choice of receiving her award as a lump sum permanent partial disability payment under former R.C. 4123.57(B) or as bi-weekly impaired earning capacity ("IEC") compensation under former R.C. 4123.57(A), claimant chose the latter.

{¶ 3} Claimant's election, pursuant to *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 533 N.E.2d 775, triggered a second hearing at which claimant was required to prove actual IEC. The Bureau of Workers' Compensation

found no proof of IEC. Claimant appealed to a commission district hearing officer ("DHO"), who also denied IEC, writing:

"Claimant's request to receive compensation for an impairment of earning capacity is denied as claimant failed to demonstrate such pursuant to [*State ex rel.*] *Eaton Corp. v. Indus. Comm.* (1994), 66 Ohio St.3d 180 [610 N.E.2d 992].

"Regarding claimant's pre-injury earning capacity, claimant gave no evidence nor made any argument that claimant was underemployed prior to the 11/29/85 injury. Accordingly, the pre-injury earning capacity is set at claimant's Average Weekly wage in the claim, or at $87.64. This is adjusted for inflation to 1994 dollars by comparing the 1985 Statewide Average Weekly Wage of $354 with the 1994 Statewide Average Weekly Wage of $482. With this calculation, the Pre-injury earning capacity is $119.33.

"Regarding claimant's past-injury [*sic*, post-injury] earning capacity, claimant argued that claimant is unable to return to work at any of her former positions of employment—desk clerk, painter, housekeeper, general laborer. Given claimant's age of 57 and 10th grade education, claimant argued a high degree of impairment, but gave no specific figure and provided no supportive vocational evidence. [C]laimant alluded to a 100% impairment of earning capacity but acknowledged that an application for permanent total disability has previously been denied.

"The medical evidence on file, the 11/21/89 report of Dr. McCloud, the 11/25/92 report of Dr. Weaver, and the 2/22/93 report of Dr. Rugh does [*sic*] confirm that claimant cannot perform her former employment. These reports relate restrictions on lifting and bending.

"In 1991[,] claimant was evaluated by the Rehabilitation Division. The vocational reports stated that claimant's past work did involve semi-skilled employment, that claimant showed little interest in rehabilitation, that claimant

2

demonstrated average learning abilities in the vocational tests, and concluded that claimant demonstrated transferable skills.

"From the medical and vocational evidence, the District Hearing Officer finds that claimant is capable of performing sedentary work. Although sedentary work may pay varying levels of wages, setting the post-injury earning capacity at minimum wage equates to $170.00.

"Thus setting the post-injury earning capacity at $170.00 and noting that claimant may qualify for a higher paying sedentary position, given the 1991 vocational evaluations, there is no impairment of earning capacity. Claimant is currently capable of earning more now than what she [was] earning prior to the 11/29/85 injury. * * * "

{¶ 4} Claimant again appealed.

{¶ 5} At the staff hearing officer ("SHO") hearing that followed, claimant submitted an "Earning Capacity Assessment" from Beal D. Lowe, Ph.D. That report stated in part:

"Based on a worklife expectancy of 6.3 years and an annual earning capacity of $9,110, Ms. Jones is calculated to have had a future lifetime earning capacity of $57,393, from 1994 onward, had she not been injured.

" * * *

"As a 57 year old woman currently inactive in the labor market, Ms. Jones' projected remaining active work life is 2.2 years * * *."

{¶ 6} It also noted:

"As a result of her loss of capacity to perform Light occupations, Ms. Jones has lost access to more than 50% of the jobs to which she had preinjury access. As a result of this loss of access, she may be expected to experience more frequent, and longer-enduring, unemployment. The Sedentary low education entry level labor market is crowded and competitive * * *. The Ohio Bureau of Employment Services reports fewer than 500 placements statewide per year for this type of work.

In addition, as an individual with some physical disabilities and a history of disability unemployment, she would experience competitive damage and increased rate of job application failure in the labor market. She also is more likely to have physical problems related to episodic re-injuries. As a result of lost labor market access, reduced competitiveness, and probable performance and attendance limitations, Ms. Jones will almost certainly experience a loss of active worklife. These losses have led her to be inactive in the labor market."

**{¶ 7}** The SHO affirmed the DHO's order and further review was denied.

**{¶ 8}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying IEC compensation. The court of appeals denied the writ.

**{¶ 9}** This cause is now before this court upon an appeal as of right.

_____

*Thompson, Meier & Dersom, Thomas D. Thompson* and *David J. Azallion*, for appellant.

*Betty D. Montgomery*, Attorney General, and *William J. McDonald*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 10}** IEC looks beyond actual earnings to claimant's potential earnings— *i.e.*, earning *capacity. State ex rel. Eaton Corp. v. Indus. Comm.* (1993), 66 Ohio St.3d 180, 610 N.E.2d 992, and *Indus. Comm. v. Royer* (1930), 122 Ohio St. 271, 171 N.E. 337. It looks "not [at] what claimant *did* earn, but what he or she *could have* earned." (Emphasis *sic.*) *Eaton* at 183-184, 610 N.E.2d at 995. An allegation that injury has impaired a claimant's earning capacity requires the commission to identify both claimant's pre- and post-injury earning capacities, to denominate the two monetarily, and to make a comparison. *Eaton*.

4

{¶ 11} In this case, the commission separately determined claimant's pre- and post-injury earning capacities and explained how those figures were reached. Despite this adherence to *Eaton*, claimant nevertheless assails the order's analysis for failing to consider Dr. Lowe's assertions of diminished job choice and shortened work life.

{¶ 12} We find this argument to be unpersuasive. The SHO's affirmance of the DHO's order without independent evidentiary findings is inherently a rejection of Dr. Lowe's report as unpersuasive. *State ex rel. DeMint v. Indus. Comm.* (1990), 49 Ohio St.3d 19, 550 N.E.2d 174. Consequently, the commission was not required to discuss in its order the assertions contained in that report. No abuse of discretion, therefore, exists.

{¶ 13} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––